Robert D. McKee *vs.* Robert McCardell *et al.*

PROVIDENCE—APRIL 30, 1900.

Present : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Pleading and Practice. Negligence. Landlord and Tenant.*

In an action against the owner and tenant of a building for injury sustained by the plaintiff by falling into an elevator-well while he was in the building upon the owner's invitation, the defendant can show under the general issue that he was not the owner of the building, because he had parted with the possession and control of it at the time, and a special plea setting out such facts is not necessary.

The test of the meaning of the word "owner" in the case at bar is one of possession and control. One cannot be an owner within the meaning of a declaration for negligence unless he has some active duty with reference to the property. Hence he may show primarily what his relation to the property is, and the court will pass upon the question of his duty as that relation may appear.

Trespass on the Case for negligence. The facts are sufficiently stated in the opinion. Heard on demurrer to plea in bar. Demurrer sustained.

For previous opinion in this case, see 21 R. I. 363.

Stiness, J. The plaintiff sues the owner and tenant of a building for injury sustained by falling into an elevator-well while he was in the building upon the owner's invitation. The owner pleads specially that he had leased the premises, including the elevator, and that he had no control over the same at the time of the accident. The plaintiff demurs to this plea upon the ground that it sets up no justification, because of the invitation alleged in the declaration. The argument of the defendant in support of his plea is that such a special averment is necessary because the declaration alleges that he is the owner of the building. We do not think that this is so. The word "owner" is a general term which, under varying conditions, may include different estates. As applied to real estate it doubtless means, *prima facie*, one who holds the fee. But it may mean less. The

definition of owner of real property, as given in 17 Am. & Eng. Ency. L. p. 300, is: "Any person who has the usufruct, control, or occupation of the land, whether his interest in it is an absolute fee or an estate less than a fee." Thus it has been held in *Gilligan* v. *Aldermen*, 11 R. I. 258, that the word "owner," in a statute giving damages for the change of grade of a highway, is broad enough to include a tenant for life or for years, or from year to year. In *Baltimore* v. *Walker*, 45 Ohio St. 577, a lessee having possession and control of a railroad was held to be one "owning the tracks." In *Parks* v. *Boston*, 15 Pick. 198, lessor and lessee were included in the term "owners" where land had been taken for a street. In *Schott* v. *Harvey*, 105 Pa. St. 222, a tenant in possession was held to be an owner of a building within the meaning of an act requiring fire-escapes. In *Meiklereid* v. *West*, L. R. 1 Q. B. D. 428, it was held that an action would not lie against the registered owner of a vessel which by charter-party he had demised to another, and parted with all control over it, under a statute which made an owner liable to seamen.

If a lessee having control may be deemed to be an owner, *e converso*, one not having control may be deemed not to be an owner. The scope of a word in a given case depends upon the sense in which it is used and the relation of one to the property with reference to the issue raised.

(1)     In this case the question is whether, for the purposes of pleading, the defendant can show under the general issue that he was not an owner of the building in question, because he had parted with possession and control of it at the time. We think it is clear that he can do so. The cases above cited show that the word has no conclusive implication beyond that of control. The test of its meaning in a case of this kind is one of possession and control. If the defendant had parted with possession and control of the building for the time being, he can show the fact under the general issue, because it directly rebuts an averment of the declaration. One cannot be an owner, within the meaning of a declaration for negli-

gence, unless he has some active duty with reference to the property, such as is pointed out in *Joyce* v. *Martin*, 15 R. I. 558, and *Henson* v. *Beckwith*, 20 R. I. 165.     Hence he may show primarily what his relation to the property is, and the court will pass upon the question of his duty as that relation may appear.     A special plea setting out such relation is not necessary.

The demurrer to the special plea is sustained.

*Dennis J. Holland and Stephen J. Casey*, for plaintiff.

*E. C. Pierce and John W. Hogan*, for defendants.