NELLIE VANDENBOUT, as Administratrix of the Estate
of MARINUS VANDENBOUT, Deceased, Respondent, v.
ROCHESTER RAILWAY COMPANY, Appellant.

Negligence — action for death of person killed while attempt-
ing to cross tracks in front of street car — erroneous refusal to
charge as to contributory negligence of deceased.

Where plaintiff's intestate was killed while attempting to cross
the track in front of a street car which was running at a high rate
of speed under circumstances which rendered it proper to submit
the question of defendant's negligence to the jury, it also appear-
ing that the street was icy and slippery, it was error for the court
to refuse to charge that if deceased saw that it was necessary for
him to run in order to get across ahead of the car he was guilty
of contributory negligence as matter of law.

*Vandenbout* v. *Rochester Ry. Co.*, 136 App. Div. 913, reversed.

(Argued February 21, 1911; decided April 25, 1911.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the fourth judicial department,
entered January 21, 1910, affirming a judgment in favor
of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as
material, are stated in the opinion.

*W. A. Matson* for appellant. Defendant's motion for
a nonsuit and for direction of verdict upon the ground
that plaintiff had failed to establish that her intestate
was free from contributory negligence, should have been
granted. (*Reed* v. *M. R. Co.*, 108 N. Y. 315; *Hewitt* v.
*Brooklyn Heights R. R. Co.*, 63 App. Div. 423; *Rutz* v.
*N. Y. C. R. Co.*, 107 App. Div. 568.)

*Charles Van Voorhis* for respondent. The evidence
and the inferences to be drawn therefrom required the
submission of the questions of the intestate's freedom
from contributory negligence and the defendant's negli-
gence to the jury. (*Schoener* v. *M. S. R. R. Co.*, 72

App. Div. 23; *McClain* v. *B. C. R. R. Co.*, 116 N. Y.
459; *Handy* v. *Met. St. R. R. Co.*, 70 App. Div. 26;
*Monck* v. *Brooklyn Heights R. R. Co.*, 97 App. Div. 447;
182 N. Y. 567; *Buhrens* v. *D. D., E. B. & B. R. R. Co.*,
53 Hun, 571; *Ring* v. *N. El. R. R. Co.*, 115 App. Div.
674; *Mills* v. *B. C. R. R. Co.*, 10 Misc. Rep. 1; 151 N. Y.
629; *Lamb* v. *U. Ry. Co.*, 125 App. Div. 286; *Wihnyk* v.
*Second Ave. R. R. Co.*, 14 App. Div. 515; *Stone* v. *D.
D., E. B. & B. R. R. Co.*, 115 N. Y. 104; *Ellick* v. *Met.
St. Ry. Co.*, 15 App. Div. 557.)

CULLEN, Ch. J.    The action was brought to recover
damages for the death of the plaintiff's intestate who
was struck and killed by a trolley car while crossing
defendant's railroad on Main street in the city of Roch-
ester.    The deceased was in a car proceeding westerly
along Main street.    As the car approached Circle street,
which terminates at, but does not cross, Main street, the
deceased alighted on the right-hand or north side of the
car.    The next that was seen of him by any of the plain-
tiff's witnesses was as he was getting up on his hands and
knees from the south or further rail of the east-bound
track, where he had apparently fallen.    The witness tes-
tified that the defendant's east-bound car was then 15 or
20 feet distant, and that the car struck him before he
could get off the track.    The accident occurred about
noon of the 7th of December.    The testimony shows that
the street was icy and slippery.    It was further shown
that at a point on the railroad quite far distant from the
scene of the accident, the motor at the front end of the
east-bound car became disabled; that for some distance
the car was pushed by one behind it, and that then it pro-
ceeded under its own power by the use of the motor at
the rear end, the motorman standing there and control-
ling the power, while the conductor took his station at
the front end of the car.    There were Y's or places at
which the car could be reversed and the rule of the com-

pany required that under such circumstances it should be reversed.    Despite this rule, the car proceeded in the manner stated.   The conductor in the front of the car could operate the brake at that end, but the power could be cut off only by signaling to the motorman at the rear.   There was also evidence tending to show an excessive rate of speed of the car.   For the defense, the conductor testified that he. caught a glimpse of the deceased on the north curb on Main street; that the next he saw was the man crossing behind the west-bound car on a run; that when he got to the east-bound track he slipped and fell, and that the car, which was then only 4 or 5 feet away, struck him.   In parts of this statement he was corroborated by the motorman of his own car and the motorman of the car in the rear.   There was evidence tending to show that the power was not cut off till immediately before the accident, and that the car could have been stopped within 10 feet.

On this statement we think the case was for the jury. If the deceased was from 15 to 20 feet away from the car when he slipped and fell, the jury might have found that had the car been propelled in the ordinary manner and at a proper speed,it would have been stopped in time to save the accident.   On the other hand, if the deceased ran in front of the approaching car, which plaintiff claims was running at a high rate of speed, at a distance of 4 or 5 feet, plainly he was guilty of contributory negligence.

When the case was submitted to the jury the counsel for the defendant requested the court to charge that if the deceased saw that it was necessary for him to run in order to get across ahead of the car he was guilty of con-tributory negligence as matter of law.   This request was refused.   We think erroneously.   It contained the meat of the whole case.   It may not have been negligence for a young alert man to run across the street, even if slippery, instead of walking, but if he ran because he saw that the car was so near that, proceeding in the ordinary

manner would not save him from being struck, he was taking chances, running into danger and assuming a risk he had no right to incur, and that is exactly what the request called for. *Fenton* v. *Second Ave. R. R. Co.* (126 N. Y. 625) was a case of a boy who fell while running in front of a street car by which he was struck and killed. It was there said : " There was nothing requiring this boy to run across the track at this particular place and time. If he had walked he probably would not have fallen, and if he had waited two or three seconds the car would have passed and he could then have gone over the street in safety." (p. 627.) *Stabenau* v. *Atlantic Ave. R. R. Co.* (155 N. Y. 511) was a similar case. A girl running in front of a trolley car, fell, was struck and killed. It was there said by this court : " It may be observed in the present case if the little girl had not run, she probably would not have fallen, and if she chose to run across in front of the car, it was because she believed it was possible to do so. The motorman had the same right to believe so and it was the fact ; as shown by the other little girls having passed over in safety. Nothing required of this little girl that she should run over the crossing in front of the car. She might have waited for the car to pass ; but having preferred to run with her companions, she could have reached the other side of the track, if she had not fallen." (p. 514.) All this is applicable to the case before us. While the deceased could not be said to be guilty of negligence as matter of law in running, still if he ran because the car was so close to him that he could not pass in front of it otherwise, he necessarily took a risk of falling so close to the car that he could not avoid being struck by it.

The judgment should be reversed and a new trial granted, costs to abide the event.

GRAY, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur ; HAIGHT, J., absent.

Judgment reversed, etc.