[Filed November 10, 1890.]

STATE OF OREGON, RESPONDENT, *v.* TAMLER & POLLY, APPELLANTS.

SELLING LIQUOR—FORM OF INDICTMENT.—In an indictment for selling spirituous liquor without a license, under the act of 1889 it is not necessary to allege in the indictment that such sale did not take place within an incorporated town or city.

CRIMINAL LAW—MOTION TO ACQUIT—PRACTICE.—A motion asking the court to direct an acquittal in a criminal case on account of the failure of proof on the part of the State, unless such failure is a total one, must specify wherein it is claimed such proof fails.

APPEAL from Multnomah county: L. B. STEARNS, judge.

The defendants were jointly indicted, tried and convicted of the crime of selling spirituous liquors without first having obtained a license therefor, as provided in the act of 1889.    The charging part of the indictment is as follows: M. Tamler and Jos. Polly are accused by the grand jury of the county of Multnomah, State of Oregon, by this indictment, of the crime of selling spirituous liquors in this State in less quantities than one gallon, without having first obtained a license from the county court of the county of Multnomah for that purpose, committed as follows:    That said M. Tamler and Jos. Polly on the fifth day of July, A. D. 1889, in the county of Multnomah and State of Oregon, did unlawfully and wilfully sell spirituous liquors in this State, namely, whisky, in less quantities than one gallon, to wit: about one gill of whisky to one Timothy Maloy for ten cents; the said M. Tamler and Jos. Polly not having first then and there obtained a license from the county court of Multnomah county for that purpose, namely, for the purpose of selling that quantity of liquor, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon.    Dated at Portland in the county aforesaid, this fifteenth day of July, 1889.

*Sears & Beach* and *E. Mendenhall,* for Appellants.

*T. A. Stevens,* district attorney, for Respondents.

BEAN, J., delivered the opinion of the court.

The bill of exceptions in this case contains several assignments of error, but, upon the argument, they were all abandoned by counsel, except that the indictment does not state facts sufficient to constitute a crime, and the refusal of the court to sustain defendant's motion for a judgment in favor of the defendants on the ground of the

insufficiency of the evidence to justify a verdict, made at the close of the testimony of the State. The appellants contend that the indictment is insufficient, in that it does not allege that the sale therein charged was not made within an incorporated town or city. The contention is that as section 11 of the act of 1889 provides that, "nothing in this act shall be so construed as to apply in any manner to incorporated towns and cities of this State," it is necessary that the indictment should negative this section. The general rule on this subject is, that where the exception or proviso is stated in the enacting clause, it is necessary to negative them in order that the description of the offense may in all respects correspond with the statute; but where such exception or proviso is contained in another or subsequent section of the statute, it is a matter of defense and need not be negatived in the indictment. 1 Bishop on Crim. Pro., §§ 631, 633; *Mills* v. *Kennedy*, 1 Bailey S. C. 17. While this seems to be the general rule, there is much diversity of judicial utterances as to the proper application, and to attempt to reconcile the authorities would be a useless if not hopeless task. When the exceptions or provisos are a material part of the description of the offense, it is necessary to negative them in the indictment. The indictment must contain such averments as show affirmatively an offense; and where the exceptions or provisos are a material part of the description of the offense, the indictment must aver that the act charged does not come within the exception or proviso. The exceptions should be negatived only when they are descriptive of the offense, or a necessary ingredient of its definition; but when they afford matter of excuse merely, they are matters of defense and therefore need not be negatived in the indictment. The offense defined in the act of 1889 is that of selling spirituous, vinous or malt liquors in certain prescribed quantities, without first having obtained a license in the manner prescribed by law. The provision of section 11 is no part whatever of the description of the offense nor a necessary

ingredient of its definition, but is simply a limitation in the application of the provisions of the act. The description of the offense of selling liquor without a license is full and complete without reference to the provisions of this section, and since it forms no part of the definition thereof it is mere matter of excuse or defense and need not be negatived in the indictment.

As to the remaining point urged by counsel for appellants, we are of the opinion that the record before us does not properly present the same for our consideration. The record discloses the fact that after the State had rested, "counsel for defendants moved the court for a judgment in favor of the defendants on the ground of the insufficiency of the evidence to justify the verdict." This motion being overruled, an exception was duly taken and this ruling is now assigned as error. This motion was no doubt intended to follow the practice provided in civil cases where the plaintiff fails to prove a case sufficient to be submitted to a jury, but we have already held in *State* v. *Jones,* 18 Or. 256, that such practice is not applicable to criminal cases; but the proper practice is to ask the court to direct an acquittal. But treating this as a motion to direct an acquittal of the defendants, we still think it is insufficient to raise the question argued by counsel in this court. As this is an appellate tribunal, constituted to revise and correct the errors committed by the trial court, it is only when that court has acted, and the act is claimed to be error and disclosed by the record that such error becomes the subject of our power and duties. The motion in this case is a general one and only challenges the general sufficiency of the evidence, that is, says, in effect, there is a total failure of evidence. Upon a motion of this kind, the only question raised is whether there is any evidence tending to prove the crime charged, not whether the evidence fails in some particular matters.

In a motion asking the court to direct an acquittal, where it is claimed that the evidence is insufficient to prove the crime charged, it ought to specify the particulars in which

it is claimed the evidence is insufficient, unless there
is a total failure of proof, otherwise the attention of the
trial court will be directed to the evidence as a whole, that
is, whether there is any evidence upon which a verdict
may be founded, and wholly omit to consider the particular
matter in which the alleged insufficiency consists, and
which is relied upon in this court and perhaps subsequent
research may have suggested. It is true, unless there is
some evidence upon which a jury can found a verdict for
the party producing it, such verdict ought not to stand,
nor will it under a motion of this kind, when the evidence
considered as a whole reveals a total failure of proof, or
want of any evidence upon which to found a verdict. But
where there is some evidence tending in a general way to
prove the offense charged, but its alleged insufficiency lies
in some particular matter or specific objection which
requires to be designated or specified to make apparent in
what particular that insufficiency consists and to attract
the attention of the court to it, it ought, as a general rule
at least, to be specified in the motion of non-suit to be
entitled to consideration in this court. The evidence in
this case tends to show that three and one-half miles from
Portland on the McAdam road there is a place known as
the Blue House; that it is fitted up as a saloon with bar
and other fixtures, with glasses and bottles on the shelves;
that it is known as a saloon; that defendant Polly usually
had charge of the place in the forenoon and sometimes
defendant Tamler in the afternoon, and the general repu-
tation was that the defendants Tamler & Polly were
the proprietors thereof; that about the fifth day of
July, 1889, defendant Polly sold to one Maloy a drink of
liquor which the witness supposed to be whisky, and that
Maloy paid for the same; that neither Polly nor Tamler
had a license to sell spirituous liquors. A witness by the
name of Timothy Maloy was called and testified in the
case, and said he had purchased liquor at different times
and about July 5, 1889, in the saloon claimed to belong to
defendants and had paid for the same. A cursory examin-

ation of this testimony would naturally lead a court to think there was sufficient evidence to be submitted to a jury, and while there may be a failure in some particular, unless the particular instance in which the failure occurs is pointed out, it would probably escape attention.

The contention of counsel on this appeal is that the evidence is insufficient in this: (1) there is no sufficient evidence of the value of the liquor alleged to have been sold by defendants; (2) no sufficient evidence that the sale was made to Timothy Malloy named in the indictment, and (3) there is no sufficient evidence that the liquor sold was spirituous liquor as alleged in the indictment. These objections are technical in their character and do not go to the general sufficiency of the evidence. If counsel for defendants relied upon the grounds urged here for asking the court below to direct an acquittal of his clients, he should have so stated and thereby given the court an opportunity to have passed upon them; and if the ruling was against him, preserve the same on the record so we could be advised thereof. It is very possible that the grounds upon which the appellant now contends the motion should have been granted, might have been obviated at the trial had they been stated. We are not advised from the record what reason, if any, was assigned in the court below why this motion should have been allowed nor what question the court actually did decide. We have repeatedly held that error is never presumed, but must be made to affirmatively appear, and in a case of this kind the motion should direct the attention of the court and opposite counsel to the precise point made and the grounds thereof. In other words, as was said by Fields, J., in *Kiler* v. *Kimball*, 10 Cal. 267, "the party must lay his finger upon the point of his objection." To the same effect, *McGarrity* v. *Byington*, 12 Cal. 429. "It is a wholesome rule," says Church, C. J., in *Schile* v. *Brokhahus*, 80 N. Y. 620, "that the attention of the court must be drawn to the precise point intended, otherwise an exception will not prevail." In *Edwards* v. *Carr*, 13 Gray, 238, Shaw, C. J., says: "It is very import-

ant that no objection to a verdict be brought before this court by an exception which was not in some form taken at the trial, especially in a case where there is ground to believe that if it had been brought to the attention of the judge and adverse counsel, it might have been avoided by an amendment or by a more specific direction by the judge sustaining or overruling it. The party objecting would have the full benefit of his objection in matters of law, if well founded, either by a ruling in his favor or by an allowance of the exception, and the rights of both parties be secure." This court, in the case of *Kearney* v. *Snodgrass*, 12 Or. 311, has announced substantially the same rule. These rules have their foundation in a due regard to the fair administration of justice, which requires that when an error is supposed to have been committed, there should be an opportunity to correct it at once before it has had any consequences. The law should not permit a party to make a general motion, as in this case, and lie by without making the particular grounds of his motion known to the court, and take the chances of success on the grounds which the judge may think proper to put his ruling, and then if he fails to succeed with either court or jury avail himself of an objection, which if it had been stated might have been removed. This works no injustice to a party, for if there be merit in his motion or objection he has the full benefit of it, and if there be no merit he certainly ought not to succeed. In the midst of a trial at *nisi prius* the judge is necessarily compelled to rule upon many questions of law without the opportunity for deliberation the importance of the questions demand, and it is but an act of justice to him that such rulings be not reversed, unless his mind was specifically drawn to the point upon which the reversal was asked and acted upon as deliberately as time and circumstances would admit. In this case how can we say that the court below committed an error in overruling the motion unless we knew upon what grounds he was asked to allow it? His attention was not called to the points upon which we are asked

to reverse the judgment, nor was there any suggestion as to what counsel would have him hold. Had the court below been asked to sustain this motion upon the grounds argued before us, we cannot say how it would have ruled, and certainly before we can be asked to reverse this judgment it must sufficiently appear that the court committed some error justifying such reversal.

It follows therefore that the judgment below must be affirmed.