Decided 18 June, 1907.

### BINHOFF v. STATE.

90 Pac. 586.

TRESPASS—INFORMATION—PLEADING EXCEPTIONS.

1. An information under a statute containing exceptions must show that the person charged is not within such exceptions.

An information for trespass, drawn under Section 1830, B. & C. Comp., providing that if any person other than an officer on lawful business shall go upon any premises not his own, etc., he shall be guilty of a misdemeanor, must show affirmatively that the person charged was not such officer, and that he did not own the premises.

TRESPASS—SUFFICIENT ALLEGATION OF OWNERSHIP.

2. An information for trespass in which it is alleged that the premises in question were owned by a named person other than defendant does not show that defendant may not have been the owner and therefore not guilty under Section 1830 of B. & C. Comp., for the word "owner" has a variety of meanings, some of which do not include a fee-simple estate.

TRESPASS—MEANING OF WORD "OWNER."

3. The term "owner," as used in B. & C. Comp. § 1830, prohibiting a trespass by one not the owner of the land nor an officer on lawful business, is not limited to the holder of the fee-simple estate, but also includes one holding merely a usufructuary interest.

From Union: ROBERT EAKIN, Judge.

Statement by MR. COMMISSIONER SLATER.

Frank Binhoff was arrested and convicted in the Justice's Court for South La Grande District, Union County, on the following complaint: "Frank Binhoff, the above-named defendant, is accused by this complaint of trespass on inclosed lands committed as follows: That the said defendant, Frank Binhoff, did, in the County of Union, State of Oregon, on the 18th day of July, 1906, wrongfully and unlawfully enter, go and

trespass upon certain inclosed lands and premises, then and there the property of one J. D. McKennon, without any permission to so or at all enter or go thereon, and, after being notified by the said J. D. McKennon to not go or enter upon said inclosed premises, the same being more particularly described," etc.

After verdict plaintiff moved for arrest of judgment, basing his motion upon the contention that the complaint did not state facts sufficient to charge a breach of the statute. On the overruling of his motion, plaintiff was sentenced to pay a fine of $15, and thereupon he petitioned the circuit court of that county to review and set aside the judgment of the justice's court. The petition being dismissed, he appeals to this court.

REVERSED.

For appellant there was a brief with an oral argument by *Mr. Eugene Ashwill.*

For the State there was a brief over the names of *Andrew Murray Crawford,* Attorney General, and *F. S. Ivanhoe,* District Attorney, with an oral argument by *Mr. Crawford.*

Opinion by MR. COMMISSIONER SLATER.

The material part of Section 1830, B. & C. Comp., under which the complaint in this case was made, provides:

"If any person other than an officer on lawful business shall go or trespass upon any inclosed lands or premises not his own, and shall fail, neglect or refuse to depart therefrom immediately and remain away until permitted to return upon the verbal or printed or written notice of the owner or person in the lawful occupation of said lands or premises, such trespasser shall be deemed guilty of a misdemeanor," etc.

The deficiency of the complaint material to be considered is contended by plaintiff to be that it does not allege (1) that the defendant at the time of the trespass was not "an officer on lawful business"; (2) that the lands and premises on which the defendant is charged with having entered were not his own.

1. It is clear that the statute in question defines an act which is to become a crime only when committed by persons of a particular class, and under particular conditions. Under such cir-

cumstances it is necessary that the complaint or indictment show
that the accused is not one of the class included, and that the
particular conditions exist. The excluding words of the statute,
viz., "other than an officer on lawful business," are included in,
and are an essential ingredient of, the description of the persons
who may commit the offense. All persons are not within the
interdiction of the law, but only such as are not "an officer on
lawful business." In an indictment under the Mississippi act
of 1830, prohibiting any persons, other than Indians, from mak-
ing settlements within their territory, it was held necessary in
*State* v. *Craft,* 1 Walker (Miss.), 409, to aver that the defendant
was not an Indian. It was necessary, therefore, that the indict-
ment or complaint should negative the exception in the statute
that the accused was "an officer on lawful business": *State* v.
*Clements,* 15 Or. 237, 247 (14 Pac. 410) ; *State* v. *Tamler,*
19 Or. 528 (25 Pac. 71: 9 L. R. A. 853) ; Wharton, Crim. Pl.
& Pr. (8 ed.) 240.

As to alleging the conditions under which the offense may be
committed, the complaint or affidavit which is to be the basis of
a warrant for the arrest of one charged with committing a crim-
inal trespass must contain allegations which are sufficient in sub-
stance to meet the statutory provisions, and must set forth
every substantial matter with the certainty which is required in
an indictment (21 Pl. & Pr. 881) ; and, where the statute de-
nounces only acts done under particular conditions or between
certain dates, the exceptions and provisos in the statute consti-
tute a material part of its descriptive ingredients, and it is
necessary to negative the exceptions. Within this rule it was
incumbent upon the state to allege that the defendant went or
trespassed upon inclosed lands or premises not his own.

2. This was not done in express terms, but it is claimed that
the rule has been substantially complied with by alleging in the
complaint that the trespass was upon "certain inclosed lands
and premises then and there the property of J. D. McKennon."
Is this equivalent to saying that the defendant trespassed upon
lands not his own? We think not. An owner of a thing is he

who has dominion over it including the idea of the right of possession: Anderson, Law Dic. "Owner." The word "owner," as applied to land, has no fixed meaning which can be declared to be applicable under all circumstances and as to any and every enactment. It usually denotes a fee-simple estate, but it has been defined to be "one who has the usufruct, control or occupation of land with a claim of ownership, whether his interest be an absolute fee or a less estate": *Coombs* v. *People,* 198 Ill. 586 (64 N. E. 1056.). It may include no more than a tenant for a term of years: *State* v. *Wheeler,* 23 Nev. 143 (44 Pac. 430) ; *McKee* v. *McCardell,* 22 R. I. 71 (46 Atl. 181) ; *Parker* v. *Minneapolis & St. L. R. Co.* 79 Minn. 372 (82 N. W. 673).

In *State* v. *Burns,* 123 Ind. 427 (24 N. E. 154), the defendant was charged with having unlawfully entered upon the lands of John R. Newman after having been forbidden by Newman, who was the lawful occupant of the land. To this charge the defendant interposed a special denial to the effect that at the time of the alleged entry the lands did not belong to Newman, but were owned in fee simple by Elias Thomas. It was held that as a special plea in bar the answer was manifestly insufficient. Mr. Chief Justice MITCHELL says: "If Newman was in possession as tenant under a lease, it was proper to charge that the entry was made upon his land; and it was no defense to answer that Thomas was the owner of the fee. One who is in the exclusive possession of real estate as tenant under a lease is, during the continuance of his tenancy, to all intents and purposes the owner, and may maintain an action against a wrongdoer, which cannot be defeated by showing the title in some one other than the plaintiff: *McCrillis* v. *State,* 69 Ind. 159. A tenant in possession is deemed the owner in law: *Kennedy* v. *State,* 81 Ind. 379."

3. The term "not his own" is an exclusive negative, denying any right, however small, and when used, as here, in a statute defining and punishing trespass upon land, is intended to exclude any right of the usufruct, control, occupation or of entry. While the expression used in the complaint, viz., "the property

of J. D. McKennon," does not assert an exclusive title in him, but asserts no more than he possesses some sort of title therein, either the fee or something less than the fee, which whatever it may be may or may not be joined with the present right of possession and control of the premises. The accused might have been the owner of a lease for a term of years from a former possessor of the title, or even under McKennon, whose property the premises are said to be, and both rights could be said to exist at the same time. The accused, in that event, could be said to be the owner in the sense of having the present right of the usufruct, control, occupation, and hence of entry thereon, while the premises would be the property of another. For this reason the allegation to the effect that the premises are the property of another does not negative the statutory requirement of alleging that they are "not his own."

It follows that the judgment of the lower court should be reversed, and the cause remanded, with instructions to set aside the judgment of the justice's court, and dismiss the complaint.

REVERSED.

---

Decided 25 June, 1907.