Argued October 21, decided October 26, rehearing denied December 28, 1909.

## STATE *v.* EDMUNDS.

[104 Pac. 430.]

INTOXICATING LIQUORS—INDICTMENT—NEGATIVING DEFENSES.

1. Section 2 of the local option law (Laws 1905, p. 42, c. 2) allows the sale of pure alcohol for scientific or manufacturing purposes, of wines to church officials for sacramental purposes, and of alcoholic stimulants as medicine in cases of actual sickness upon the prescription of a physician. Section 15 provides that any person who shall sell, exchange, or give away any intoxicating liquors whatever shall be subject to prosecution by information or indictment. *Held,* that an information which charges the offense in the language of the statute is sufficient without negativing the exceptions in section 2; they not being descriptive of the offense.

INTOXICATING LIQUORS — LOCAL OPTION — COUNT OF VOTES — "SPECIAL SESSION"—"SPECIAL TERM"—"SESSION."

2. Local Option Law (Laws 1905, p. 47, c. 2) § 10, provides that the county court 11 days after election, or as soon thereafter as practicable, shall hold a "special session," and, if a majority of the votes are for prohibition, the court shall immediately make an order declaring the result of the vote and absolutely prohibiting the sale of intoxicating liquors, etc. *Held,* that the court by announcing the result of the election at a special session called during general term did not invalidate the proceedings, the words "special session" as used in the act not being synonymous with "special term," and the word "session" as used referring to a temporary sitting of the court, for the transaction of special business assigned to them, which may occur either during a general or special term, and, if all members are present for such purpose, it is immaterial as to how it was called, or when, providing the time prescribed by the act for such special sitting has elapsed.

INTOXICATING LIQUORS — SUBSEQUNT ELECTIONS — FAILURE TO MAKE ORDER OF.

3. Local Option Law (Laws 1905, p. 48, c. 2) § 13, provides that, when a second election results against prohibition, the court shall enter an order setting aside the previous order enforcing prohibition. *Held,* that the failure to make an order upon two subsequent elections which resulted in favor of prohibition had no bearing upon the law then in force; Section 13 only requiring an order in the event of a second election going against prohibition.

From Tillamook: WILLIAM GALLOWAY, Judge.

The defendant, Howard Edmunds, was indicted, tried and convicted of the crime of selling intoxicating liquors in violation of the local option law, and from the judgment following such conviction, he appeals.

AFFIRMED.

For appellant there was a brief over the names of *Messrs. Holmes & Handley* and *Messrs. Talmage & Johnson*, with oral arguments by *Mr. Webster Holmes* and *Mr. Sidney S. Johnson*.

For the State there was a brief over the names of *Mr. Andrew M. Crawford*, Attorney General, *Mr. John H. McNary*, District Attorney, *Mr. W. H. Cooper*, Deputy District Attorney, and *Mr. H. T. Botts* with oral arguments by *Mr. McNary* and *Mr. Walter C. Winslow*.

MR. JUSTICE KING delivered the opinion of the court.

1. Defendant was convicted of the crime of selling intoxicating liquors in violation of the local option law, the charges against him being as follows:

"Howard Edmunds is accused by the grand jury in and for Tillamook County, Oregon, by this indictment, of the crime of selling and giving away intoxicating liquor in violation of the local option liquor law of the State of Oregon, proposed by the people by initiative and enacted by a majority of the votes cast thereon at the general election held in the State of Oregon on the 6th day of June, 1904, committed as follows: That at a general election held in the County of Tillamook, State of Oregon, on the first Tuesday after the first Monday in November, 1904, the question whether there should be prohibition of the sale of intoxicating liquors for beverage purposes for the entire County of Tillamook, State of Oregon, was submitted to the legal voters of said county and State and then and there duly determined by a majority of the legal voters in said county and State voting at said election in favor of prohibition, and that the sale of intoxicating liquors in said county and State should be prohibited. That thereafter, on the 5th day of December, 1904, the county court of the county of Tillamook, State of Oregon, duly made and entered of record an order declaring the result of said vote and absolutely prohibiting the sale of intoxicating liquors within said county of Tillamook, State of Oregon. That thereafter, to wit, on the 10th day of February, 1909, in the county of Tillamook, State of Oregon, said Howard Edmunds, then and there being, did then and there

wrongfully and unlawfully sell and give to one, A. D. Oliver, one quart of intoxicating liquor of the value of $1.50, with an intent and purpose then and there had by him, the said Howard Edmunds, of evading the provisions of the local option law of the State of Oregon, proposed by the people by initiative and enacted by the people of the State of Oregon by a majority of the votes cast thereon at the general election held in said State on the ·6th day of June, 1904, contrary to the provisions of said law in such cases made and provided, and against the peace and dignity of the State of Oregon."

It was forcibly maintained at the oral argument that the information does not state sufficient facts to constitute an offense under the local option ·liquor law, in respect to which it was insisted that it was incumbent upon the State to negative such exceptions as may be gathered from the act, such as provisions to the effect that the act shall not be construed to prohibit the sale of pure alcohol for scientific or manufacturing purposes, or wines to church officials for sacramental purposes, or alcoholic stimulants as medicine in cases of actual sickness, which may be sold upon a written prescription of a regularly practicing physician. Laws 1905, p. 42, c. 2, § 2.

As to just when the exceptions must be negatived in an information or indictment has long been a disputed question in this State, the determination of which has necessarily depended upon the provisions of the act governing each particular case. We are of the opinion, however, that the rule announced in *State* v. *Carmody,* 50 Or. 8 (91 Pac. 446, 1081: 12 L. R. A. (N. S.) 828) is decisive of the point under consideration. There it was contended that the indictment was insufficient because it did not aver that the liquor which the defendant was charged with having sold, was for beverage purposes. In considering this feature Mr. Justice BEAN remarks that the "indictment in question follows the language of the statute, and it is the settled rule in this State that in indictments for misdemeanors created by statute it is

sufficient to charge the offense in the words of the statute, subject to the qualification that the crime must be set forth with such certainty as will apprise the accused of the offense imputed to him (*State* v. *Shaw*, 22 Or. 287: 29 Pac. 1028)"—and further adds that "exceptions and provisos in a criminal statute need not be negatived in indictments unless they be descriptive of the offense or a necessary ingredient in its definition"; citing *State* v. *Tamler*, 19 Or. 528 (25 Pac. 71: 9 L. R. A. 853). In the case at hand the offense is described in section 15 of the act to the effect that if, after the county court has made the order declaring the result of an election held under the local option act, any person "shall thereafter, within the prescribed bounds of prohibition, sell, exchange, or give away, with a purpose of evading the provisions of this law, any intoxicating liquors whatsoever, or in any way violate the provisions of this law," he shall be subject to prosecution by information or indictment, and shall be punished as there prescribed. Laws 1905, p. 48, c. 2, § 15. The exceptions alluded to appear in the early part of the act, and evidently were not intended as a part of the description of the offense. The offense for which the penalty is affixed is fully stated in section 15, and is complete within itself. The exceptions given in section 2 refer more especially to what is said in the preceding section, indicating thereby that the offense was left to be defined in the subsequent section named, manifestly intending thereby that since the instances excepted in section 2 are such as would be more particularly within the knowledge of the defendant they should, if relied upon, constitute a defense. The views here expressed, and as announced in *State* v. *Carmody*, are not inconsistent with other adjudications by this court upon the subject. For instance in *Binhoff* v. *State*, 49 Or. 419 (90 Pac. 586) to which our attention has been directed, the exception there recognized was included in and con-

stituted a part of the description of the offense charged. So too, in *State* v. *Eisen*, 53 Or. 297 (99 Pac. 282: 100 Pac. 257), relied upon by defendant, the charge was for having contributed to the delinquency of a minor child, and it was merely held that sufficient facts were not stated without negativing the exception there considered to enable the court to determine whether the party injured by the acts charged came within the class of persons intended to be protected by the juvenile act. For the reasons stated, since the acts charged were declared in the language of the statute, we deem them sufficiently set forth to constitute the offense for which defendant was convicted.

2. The next point presented for consideration relates to the sufficiency of the order of the county court declaring the result of the election on prohibition, with reference to which it is argued that the evidence adduced at the trial did not disclose that the result of the election had been declared as by law required, in that the result was declared during a general term, and not at a special term called for that specific purpose. It seems that a regular term of the county court for the transaction of county business was being held, and during it a special session was called by the county judge without stating the specific object thereof, at which the judge and commissioners were all present when the result of the election on prohibition was declared. On this subject section 10 of the local option act provides:

"On the tenth day after any election hereon, or sooner, if all the returns be received, the county clerk, taking to his assistance two justices of the peace of the county, shall proceed to open said returns and make an abstract of the vote for the information of the county court. Said court shall, on the eleventh day after the election, or as soon thereafter as practicable, hold a special session; and if a majority of the votes hereon in the county as a whole, or in any subdivision in the county as a whole, or in any precinct in the county are 'For Prohibition,' said court

shall immediately make an order declaring the result of said vote and absolutely prohibiting the sale of intoxicating liquors within the prescribed limits."

The journal introduced in evidence by the State shows a full compliance with the provisions of the section quoted unless the fact that the session at which the abstract of the vote and announcement of the result was had occurred during a regular term can affect the validity of their proceedings. In this connection it will be observed that the act only demands that this may be done at a special session called for the purpose. This was probably required in order that the commissioners, if either desired, might be present, and, if not present, the declaration by the judge would be sufficient as held in *State* v. *MacElrath,* 49 Or. 294 (89 Pac. 803). In this instance, however, all were present, and the object sought to be attained by the call was fully met. The words "special session" as used in the act are not synonymous with "special term." A "session," as there used, has reference only to a temporary sitting of the court in the transaction of the special business there assigned to them, which may occur either during a general or a special term, and, when all members are present for such purpose, it becomes immaterial as to how it is called, or when, providing the time prescribed by the act for such special sitting has first elapsed. The effect of the use of the word "session" under such circumstances is clearly stated by the court in *Lipari* v. *State,* 19 Tex. App. 431, 433, as follows:

"Counsel for appellant insists that the word 'session' as used in this provision is synonymous with the word 'term,' and that said petition was filed after the term or session of the court had commenced. We think differently. The word 'term,' when used with reference to a court, signifies 'the space of time during which the court holds a session.' Bouvier's Law Dic. A 'session signifies the time during the term which the court sits for the transaction of business, and the session commences when

the court convenes for the term, and continues until final adjournment, either before or at the expiration of the term. The 'term' of the court, is the time prescribed by law during which it may be in 'session.' The 'session' of the court is the time of its actual sitting. Webster's Dic. 'Session.' It is true that lexicographers give very nearly the same meaning to the two words, and make them almost synonymous; yet it will be found upon close examination that the distinction in their signification which we have stated is a correct one. It is in our opinion unquestionably correct when applied to the word 'session' as used in the statute under consideration. There might have been a regular 'term' of the court after the filing of the petition, at which 'term' there might not have been any 'session.' It was no doubt for the purpose of providing for such contingency that the word 'session' was used instead of the word 'term.' "

3. Another point suggested is that two subsequent elections were held upon the subject, in each of which the majority of the votes· cast were for prohibition, and that no orders whatever were entered in reference thereto. We fail to see how any elections held on the subject subsequent to the adoption of prohibition in 1904 in that county could have any bearing upon the law under which defendant was tried, unless such elections declared against the law as then in force, which did not occur in this instance. *Decker* v. *State,* 39 Tex. Cr. R. 20 (44 S. W. 845.) However, this feature is disposed of by the language of the local option act, Section 13 of which only requires an order of any kind in the event any second election results against prohibition.

Finding no error in the record, the judgment of the circuit court is affirmed.

AFFIRMED: REHEARING DENIED.