Submitted on brief October 5, affirmed October 24, 1916.

## STATE *v.* APLIN.

(160 Pac. 538.)

**Intoxicating Liquors—Illegal Sale—Statute.**

1.   There are three necessary elements to the crime of selling intoxicants without a license in violation of Section 4938, L. O. L., as amended by Laws of 1913, page 505: First, defendant must have sold intoxicating liquor; second, must have sold it outside the limits of any incorporated city or town; and, third, must have sold without a license.

[As to construction of statutes against sale of intoxicating liquors, see note in 38 Am. Rep. 345.]

**Intoxicating Liquors—Illegal Sale—Indictment—Sufficiency—Statute.**

2.   An indictment, charging that defendant, on a specified date in a specified county "then and there being, did then and there unlawfully sell two quarts of malt liquors, to wit, beer to [another] without first obtaining a license therefor as provided by law," was insufficient to charge the offense denounced by Section 4938, L. O. L., as amended by Laws of 1913, page 505, relative to the sale of intoxicants, as failing to allege the necessary element of the crime that the sale was outside the limits of an incorporated town.

From Marion: PERCY R. KELLY, Judge.

In Banc.   Statement by MR. JUSTICE McBRIDE.

The defendant, Alfred Aplin, was indicted for the crime of selling intoxicating liquor without a license. The charging part of the indictment is as follows:

"The said Alfred Aplin, on the fifteenth day of July, A. D. 1915, in the county of Marion and State of Oregon, then and there being, did then and there unlawfully sell two quarts of malt liquor, to wit, beer, to W. B. Gill without first obtaining a license therefor, as provided by law."

The defendant demurred on the grounds: (1) That the indictment did not state facts sufficient to constitute a crime; (2) that the indictment did not substantially comply with the requirements of Chapter VII, Title XVIII, L. O. L., in that it failed to state the par-

ticular circumstances of the crime charged. The demurrer was sustained, and the state appeals.

Submitted on brief under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).

AFFIRMED.

For the State there was a brief submitted over the names of *Mr. Ernest R. Ringo,* District Attorney, and *Mr. Elmo S. White,* Deputy District Attorney.

For respondent there was a brief submitted by *Mr. Floyd A. Boyington.*

MR. JUSTICE McBRIDE delivered the opinion of the court.

1, 2. At the date of the alleged offense there was in force in this state an act (Laws 1913, Chap. 265, p. 505) which provided among other things:

"No person shall be permitted to sell, give, or in any manner dispose of any spirituous, malt, vinous liquors, near beer, or fermented cider, commonly known as hard cider, in this state, outside of the limits or boundaries of any incorporated city or town."

It was, however, provided that in any place outside of any incorporated city or town where the sale of intoxicating liquors was not prohibited by law, the County Court might, in its discretion, upon the petition of a majority of the voters of such precinct, grant a license to any *bona fide* club of not less than 50 members to dispense such liquors, and, further, that it might, upon a like petition, grant to any hotel outside of the limits of any incorporated town, and having accommodations for not less than 50 guests, a like license. For selling such liquors without a license there was prescribed a fine of from $250 to $500, or

imprisonment for not less than 60 days or more than 6 months, or both such fine and imprisonment. There are three necessary ingredients to this crime: (1) The defendant must have sold intoxicating liquor; (2) he must have sold it outside the limits of any incorporated city or town; (3) he must have sold it without a license. The passage of the prohibition amendment did not have the effect to extend this statute to cities and towns not theretofore embraced in its terms, and it is clear that the offense is not stated in the indictment sufficiently to bring it within any provision of the local option law, since it is not alleged that the sale was in dry territory. It is necessarily an attempt to charge the offense under Section 4938, L. O. L., as amended in 1913, *supra*. It is generally sufficient to charge a statutory offense in the language of the statute, but this was not done here. Everything charged in this indictment might be true, and yet the defendant not be guilty of the offense attempted to be charged. It is urged by the state that it was not necessary to charge that the offense was committed outside of any incorporated town or city, and *State* v. *Tamler & Polly,* 19 Or. 528 (25 Pac. 72, 9 L. R. A. 853), is cited in support of the contention. The case is not in point. In that case the defendants were indicted for violation of the provisions of an act prohibiting the sale of intoxicating liquors (Laws 1889, p. 9), the first section of which provided that it should be unlawful for any person to sell intoxicating liquors without having first obtained a license from the County Court of the proper county for that purpose. Subsequent sections prescribed a method by which such license should be obtained and a penalty for selling without a license. A further section contained this provision:

"Nothing in this act shall be so construed as to apply in any manner to incorporated towns and cities of this state."

The court held that it was not necessary for the indictment to negative this proviso, Justice Bean saying:

"The general rule on this subject is that where the exception or proviso is stated in the enacting clause, it is necessary to negative them in order that the description of the offense may in all respects, correspond with the statute; but where such exception or proviso is contained in another or subsequent section of the statute, it is a matter of defense and need not be negatived in the indictment. 1 Bishop, Crim. Proc., §§ 631, 633; *Mills* v. *Kennedy,* 1 Bail. (S. C.) 17. While this seems to be the general rule, there is much diversity of judicial utterances as to the proper application, and to attempt to reconcile the authorities would be a useless, if not hopeless, task. When the exceptions or provisos are a material part of the description of the offense, it is necessary to negative them in the indictment. The indictment must contain such averments as show affirmatively an offense; and, where the exceptions or provisos are a material part of the description of the offense, the indictment must aver that the act charged does not come within the exception or proviso. The exceptions should be negatived only when they are descriptive of the offense, or a necessary ingredient of its definition; but when they afford matter of excuse merely, they are matters of defense, and therefore need not be negatived in the indictment. The offense defined in the act of 1889 is that of selling spirituous, vinous or malt liquors in certain prescribed quantities, without first having obtained a license in the manner prescribed by law. The provision of Section 11 is no part whatever of the description of the offense, nor a necessary ingredient of its definition, but is simply a limitation in the application of the provisions of the act. The description of the offense of selling liquor without a license is full and complete without reference to the provisions of

this section, and since it forms no part of the definition thereof, it is mere matter of excuse or defense, and need not be negatived in the indictment.''

Here the fact that the sale is outside the limits of an incorporated town is a necessary ingredient of the offense, and is included in the section defining it, and upon reasoning of that case the indictment is insufficient.

The judgment of the Circuit Court is affirmed.

AFFIRMED.