Submitted on briefs December 18, 1917, reversed January 8, 1918.

## CITY OF ASTORIA *v.* MALONE.

### (169 Pac. 749.)

**Criminal Law—Appeal—Formal Defects.**

1. The contention that the judgment of conviction should be affirmed, because defendant's counsel moved for a directed verdict instead of a verdict of not guilty, is without merit.

**Statutes—Exceptions and Provisos—"Enacting Clause"—"Preamble."**

2. The term "enacting clause" generally relates to a requirement in a Constitution or municipal charter demanding the use of a designated clause so as to give validity to a statute or ordinance, and what is generally designated the "enacting clause" of a statute is occasionally called the "preamble"; while a section of a statute denouncing an offense is sometimes spoken of as the "enacting clause."

[As to preamble as aid to the construction of a statute, see note in Ann. Cas. 1917C, 500.]

**Intoxicating Liquors—Jurisdiction of Police Courts.**

3. Under Laws of 1915, page 166, Section 32, providing that justices of the peace and other courts having jurisdiction as such shall have concurrent jurisdiction with the Circuit Court for violations of the act, police courts generally possess the same authority to hear and determine cases as Justice's Courts, and have concurrent jurisdiction with the Circuit Court of most violations of the prohibitory laws.

**Intoxicating Liquors—Prosecutions Under Ordinances—Statutes Applicable.**

4. Laws of 1915, page 166, Section 33, providing that it shall not be necessary for the state to allege that the party charged did not

have legal authority to sell such liquor, or was not within any of the exceptions of the act, has no application to a prosecution under a municipal ordinance.

**Municipal Corporations—Ordinances Creating Misdemeanors.**

5. A municipal enactment creating a misdemeanor can rise to no greater dignity or importance than a statute defining a crime of that class.

**Indictment and Information—Supplying Omissions Unlawfully.**

6. The use of the word "unlawfully" in a criminal accusation for a statutory misdemeanor cannot, in the absence of an enactment to that effect, supply the omission of a statement of facts necessary to show the commission of the offense.

**Intoxicating Liquors—Negativing Exceptions—"Indictment."**

7. Under ordinance making it unlawful to have in possession intoxicants "not permitted by the general laws of the State of Oregon," the quoted exception being a part of what is usually termed the "enacting clause" must be negatived, and a complaint not negativing such exception by appropriate language was demurrable in view of Section 2482, L. O. L., providing that a complaint is to be deemed an indictment within the provisions of Chapter 7 of Code of Criminal Procedure (Sections 1435–1460, L. O. L.), as to sufficiency of indictment.

From Clatsop: JAMES A. EAKIN, Judge.

In Banc.    Statement by MR. JUSTICE MOORE.

The defendant was accused by a verified complaint filed in the Police Court of the City of Astoria of violating the provisions of Ordinance No. 5025 of that municipality, which offense was alleged to have been committed as follows:

"That said Walter Malone, within the corporate limits of the City of Astoria, Clatsop County, State of Oregon, on the 26th day of August, 1917, then and there being, did have unlawfully in his possession intoxicating liquors, to wit: beer and wine, contrary to the ordinance in such case made and provided, and against the peace and good order of the said city of Astoria."

A demurrer to the charge, on the grounds that it did not state facts sufficient to constitute a crime or show an infringement of the designated ordinance, was over-

ruled and the defendant declining further to plead or offer any evidence was found guilty and appealed from the resulting judgment to the Circuit Court for that county where the cause was tried and when the testimony for the prosecution was received, the defendant, without offering any evidence, moved for a directed verdict in his favor, but the motion was denied and having again been found guilty, he appeals to this court from the judgment which followed.

Submitted on briefs under the proviso of Supreme Court Rule 18:56 Or. 622 (117 Pac. xi). REVERSED.

For appellant there was a brief submitted by *Messrs. Norblad & Hesse.*

For respondent there was a brief prepared and submitted by *Mr. Olaf Anderson,* City Attorney, and *Mr. O. B. Setters.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. It is insisted that the judgment rendered herein should be affirmed because the defendant's counsel moved for a directed verdict in favor of their client, instead of a verdict of not guilty. The court undoubtedly understood the purport of the motion, which application was not denied by reason of any indefiniteness therein as to the meaning intended to be conveyed. The point contended for is without merit.

This action was founded upon Section 5 of the ordinance mentioned, which provision reads:

"It shall be unlawful for any person, persons, firm, company or corporation to have in his, her, their or its possession within the corporate limits of the City of Astoria, any intoxicating liquor not permitted by the general laws of the State of Oregon."

It will be noted that the accusation herein omits the language "not permitted by the general laws of the State of Oregon," as set forth in the section quoted. Though a clause of the Constitution of Oregon, which became operative January 1, 1916, prohibits the manufacture or sale within this state of intoxicating liquors, except for medicinal, scientific, sacramental or mechanical purposes (Gen. Laws Or. 1915, p. 12), and another provision of the organic law inhibits the importation of such liquors for beverage purposes (Gen. Laws Or. 1917, p. 8), it is not violative of any enactment for a person to have in his possession intoxicating liquors which were lawfully procured and in his custody within this state, February 2, 1917, when Gen. Laws Or. 1915, p. 150, c. 141, § 5, was amended: Gen. Laws Or. 1917, p. 46, c. 40. Thus, if the wine and beer charged to have been in the defendant's possession were secured by him on or prior to February 2, 1917, and he was then in custody thereof within this state, no crime was committed by having possession of such beverages. This is the only instance in which the possession of beer could legally have been secured or held at the time alleged in the complaint.

"It shall be lawful for any priest or minister of any church or religious congregation in this state, using wine in administering the sacrament to receive from any common carrier such reasonable quantity of wine as may be necessary for sacramental purposes only, to be imported into this state under permit of the district attorney for the county in which such church or congregation holds its meetings": Gen. Laws Or. 1917, p. 46, c. 40, § 12.

If, therefore, the defendant was a priest or minister as thus described, or a common carrier who had imported for such clergyman wine pursuant to a permit regularly issued therefor, no crime was committed in

having possession within this state of any reasonable quantity of wine for sacramental purposes.

Ethyl alcohol may also be legally imported, kept, sold and delivered for medicinal, scientific or mechanical purposes within Oregon: Gen. Laws Or. 1915, p. 12; Gen. Laws Or. 1915, p. 150, c. 141, § 6, as amended by Gen. Laws Or. 1917, p. 46, c. 40. As neither wine nor beer comes within that class of intoxicating liquor, it is unnecessary to refer to the instances in which the possession of such alcohol can legally be held. It is contended that the complaint herein does not state facts sufficient to constitute a crime or to show a violation of the provisions of Ordinance No. 5025, in that the accusation does not negative these exceptions to the general prohibition law, by alleging that not having in his possession within this state on February 2, 1917, any alcoholic stimulants, nor then being a priest or minister of any church or religious congregation in Oregon, using wine in the administration of the sacrament, nor a common carrier importing into this state under permit of the district attorney of the county in which such church or congregation holds its meetings, any wine the defendant at, etc., on etc., did unlawfully have in his possession intoxicating liquors, to wit, beer and wine, contrary, etc.

In *State* v. *Tamler,* 19 Or. 528, 530 (25 Pac. 71, 9 L. R. A. 853), in speaking of an accusation charging a violation of the provisions of a statute creating a misdemeanor and containing excepted clauses, Mr. Justice Bean remarks:

"The general rule on this subject, is that where the exception or proviso is stated in the enacting clause, it is necessary to negative them in order that the description of the offense may in all respects correspond with the statute; but where such exception or proviso is contained in another or subsequent section of the

statute, it is a matter of defense and need not be negatived in the indictment.''

To the same effect see *Binhoff* v. *State,* 49 Or. 419 (90 Pac. 586); *State* v. *Carmody,* 50 Or. 1 (91 Pac. 446, 1081, 12 L. R. A. (N. S.) 828); *State* v. *Eisen,* 53 Or. 297 (99 Pac. 282, 100 Pac. 257); *State* v. *Atwood,* 54 Or. 526 (102 Pac. 295, 104 Pac. 195, 21 Ann. Cas. 516); *State* v. *Edmunds,* 55 Or. 236 (104 Pac. 430); *State* v. *Runyon,* 62 Or. 246 (124 Pac. 259); *State* v. *Sommer,* 71 Or. 206 (142 Pac. 759); *State* v. *Aplin,* 81 Or. 621 (160 Pac. 538). See, also, 12 Stand. Ency. Proced. 458; *United States* v. *Cook,* 84 U. S. 168 (21 L. Ed. 538).

2. The term ''enacting clause'' as used in the language last quoted seems to have caused some misapprehension of the meaning intended to be conveyed. Such phrase generally relates to a requirement in a Constitution or a municipal charter demanding the use of a designated clause so as to give vitality to a statute or an ordinance, without the employment of which such enactments are usually regarded as inefficacious: 26 Am. & Eng. Enc. Law (2 ed.), 560; 36 Cyc. 967. In commenting upon the parts of a legislative enactment, a text-writer observes:

''A statute has, or may have, a title, preamble, and purview. The purview is what follows, 'Be it enacted' etc., and includes the entire statute, except the title and preamble'': 2 Bishop's New Crim. Proc., § 634.

It will thus be observed that what is generally designated as the ''enacting clause'' of a statute is occasionally called the ''preamble,'' while a section of a statute denouncing an offense is sometimes spoken of as the ''enacting clause'': *State* v. *Runyon,* 62 Or. 246 (124 Pac. 259).

3, 4. Police Courts in Oregon usually possess the same authority to hear and determine cases as Justices'

Courts, and have concurrent jurisdiction with the Circuit Court of most violations of the provisions of the prohibitory laws: Gen Laws Or. 1915, p. 150, c. 141, § 32.    In the prosection of actions founded upon that statute

"it shall not be necessary in the first instance, for the State to allege or prove that the party charged did not have legal authority to sell such liquor, or was not within any of the exceptions provided by this Act": Gen. Laws Or. 1915, p. 150, c. 141, § 33.

"All fines, costs, forfeitures on bonds, penalties or other sums collected in prosecutions under this Act, shall be paid at once into the county treasury to be applied to such funds as the county court may direct": Gen. Laws Or. 1915, p. 150, c. 141, § 25.

This action is not prosecuted by the state, nor is it based upon an alleged violation of the provisions of the statute referred to, but it is brought by the City of Astoria and predicated upon an averred transgression of an ordinance, which enactment was probably adopted to divert the sums of money exacted as fines for violations of the prohibition law from the county treasury and to cause the payment thereof to be made to the city treasurer for the benefit of that municipality.    The provisions of Gen. Laws Or. 1915, p. 150, c. 141, Section 33, relating to the manner of pleading an alleged violation of the provisions of the prohibition law, can have no application whatever to the prosecution of an action for an alleged violation of a municipal ordinance.

Section 5 of Ordinance No. 5025 is complete within itself, and the description of the offense as there given, usually called in criminal parlance the "enacting clause," contains the proviso "not permitted by the General Laws of the State of Oregon," which language

is not an independent sentence, but forms an exception to a part of that municipal enactment.

It has been held that a criminal accusation is sufficient if it follows the language of the statute, denouncing a misdemeanor and clearly informs the defendant of the nature and cause of the offense charged against him: *State* v. *Shaw,* 22 Or. 287 (29 Pac. 1028); *State* v. *Koshland,* 25 Or. 178 (35 Pac. 32); *State* v. *Thompson,* 28 Or. 296 (42 Pac. 1002); *State* v. *Carmody,* 50 Or. 1 (91 Pac. 446, 1081, 12 L. R. A. (N. S.) 828); *State* v. *Miller,* 54 Or. 381 (103 Pac. 519); *State* v. *Edmunds,* 55 Or. 236 (104 Pac. 430); *State* v. *Townsend,* 60 Or. 223 (118 Pac. 1020); *State* v. *Billups,* 63 Or. 277 (127 Pac. 686, 48 L. R. A. (N. S.) 308); *State* v. *Scott,* 63 Or. 444 (128 Pac. 441); *State* v. *Underwood,* 79 Or. 338 (155 Pac. 194); *State* v. *Mishler,* 81 Or. 548 (160 Pac. 382).

5. A municipal enactment creating a misdemeanor can rise to no greater dignity or importance than a statute defining a crime of that class, and if the complaint herein had followed the language of Section 5 of Ordinance No. 5025, by inserting the omitted words, "not permitted by the general laws of the State of Oregon," a different question would have been presented.

In a criminal action commenced in an inferior court,

"The complaint is to be deemed an indictment within the meaning of the provisions of chapter VII of the code of criminal procedure (Title XVIII), prescribing what is sufficient to be stated in such pleading, and the form of stating it": Section 2482, L. O. L.

This requirement makes a verified complaint filed in an inferior court, charging the commission of a misdemeanor created by statute, equivalent to and as important as an indictment returned to the Circuit Court.

It will be remembered that Section 5, Ordinance 5025, reads:

"It shall be unlawful for any person * * to have in his possession * * any intoxicating liquor."

It will also be kept in mind that the accusation herein charges that the defendant

"did have unlawfully in his possession intoxicating liquors, to wit: beer and wine, contrary to the ordinance," etc.

A text-writer explaining when the word "unlawfully" should be used in a criminal accusation, says:

"When the statute creating an offense makes certain acts criminal when 'unlawfully' done, an indictment or information therefor must allege the acts charged were done 'unlawfully' or use words of equivalent meaning and import": 12 Stand. Ency. Proced. 408.

Another author illustrating when the expression "unlawfully" should be employed in a criminal charge observes:

"But if a statute, in describing the offense which it creates, uses the word, the indictment founded on the act will be bad if it be omitted; and it is generally best to resort to it, especially as it precludes all legal cause of excuse for the crime": 2 Bishop's New, Crim. Proced., § 503.

6. The use of the word "unlawfully" in a criminal accusation for a statutory misdemeanor cannot, in the absence of an enactment to that effect, supply the omission of a statement of facts necessary to show the commission of the offense.

"When it is necessary to allege a negative, it is sufficient if such allegation follows the language of the statute, or is in words of equivalent meaning": 14 Stand. Ency. Proced. 369.

7. In this instance the accusation did not negative the exception specified in the municipal enactment, nor did the charge follow the language of the ordinance or use words of similar import. The failure of the city attorney thus to plead rendered the accusation vulnerable to the demurrer, and an error was committed in denying the motion of the defendant's counsel to grant the requested verdict.

It follows from these considerations that the judgment is reversed and the cause remanded for such further proceedings as may be necessary not inconsistent with this opinion.                                        Reversed.

---

Motion to dismiss appeal allowed January 8, 1918.