Argued December 11, affirmed December 15, 1925.

## STATE *v.* ACE DOBSON.

(241 Pac. 383.)

**Indictment and Information — Complaint not Charging Sale of Intoxicating Liquor was Unlawful Held Sufficient.**

1. Complaint charging sale of intoxicating liquor was not defective in failing to designate sale as "unlawful," since sale is always unlawful unless it be sale of ethyl alcohol under Sections 2224—6, 2224—7 and 2224—10, Or. L., as amended by Laws of 1921, page 798, by persons specifically described.

**Indictment and Information — Need not Negative Exceptions in Statute.**

2. Exceptions in statute need not be negatived in indictment or information charging offense under statute, where they afford matters of excuse only and do not qualify or define offense.

**Criminal Law—On Appeal It is Presumed That Defendant Entered Plea in Justice's Court.**

3. Where record fails to show whether accused entered plea of "not guilty" in justice's court, it is presumed that he did plead to charge, in absence of contrary showing.

**Criminal Law—On Appeal from Circuit Court, Immaterial Whether Accused Filed Plea in Justice's Court.**

4. Judgment of Circuit Court convicting accused on appeal from Justice's Court superseded judgment of Justice's Court, and on appeal it is immaterial whether accused entered plea in Justice's Court.

**Criminal Law—Statement to Third Parties by State Officers as to Frame-up Against Accused Held Properly Excluded as Hearsay.**

5. Statement to third parties by state officers as to frame-up against accused *held* properly excluded as hearsay, accused's remedy being by cross-examination of state's witnesses and impeachment of their testimony by calling persons to whom statements were made as witnesses.

**Judges—Refusal of Trial Judge to have Another Justice Try Case After Affidavit of Prejudice is Seasonably Filed is Error.**

6. Refusal of trial judge to have another justice try case after affidavit of prejudice is seasonably filed is error.

2. Necessity of averment in indictment or information negativing exception in statute on which prosecution based, see notes in 6 Ann. Cas. 726; 13 Ann. Cas. 364; Ann. Cas. 1913B, 135. See, also, 14 R. C. L. 188.

Criminal Law—Trial Court's Refusal to have Another Judge Try
Case on Affidavit of Prejudice not Presumed to be Error.

7. In absence of affirmative showing that affidavit of prejudice
was seasonably filed against trial judge, Supreme Court will not
presume error in trial judge's refusal to have another judge try
case.

Criminal Law, 16 C. J., p. 381, n. 27 New, p. 622, n. 12, p. 641,
n. 30, p. 642, n. 31; 17 C. J., p. 214, n. 31, p. 217, n. 64.
Indictments and Informations, 31 C. J., p. 701, n. 46, p. 720, n. 57,
58.
Intoxicating Liquors, 33 C. J., p. 727, n. 24.
Judges, 33 C. J., p. 1015, n. 87, p. 1021, n. 33.

From Deschutes: T. E. J. DUFFY, Judge.

Department 2.

AFFIRMED.

For appellant there was a brief over the name of
*Mr. Jay H. Upton,* with an oral argument by *Mr.
E. O. Stadter.*

For respondent there was a brief and oral argument by *Mr. A. J. Moore.*

RAND, J.—The defendant was arrested and
brought before a justice of the peace charged with
the crime of selling intoxicating liquor and was tried
and convicted. He appealed to the Circuit Court
and was again convicted. This appeal is from the
judgment of conviction in the Circuit Court.

1. His first contention is that the complaint, upon
which the warrant was issued by the Justice's Court,
failed to state the commission of a crime in that in
charging the offense the complaint charged that the
defendant "did then and there sell intoxicating li-
quor against the peace and dignity * * etc., without
there having been inserted before the word "sell"
the word "unlawfully." In this state any sale of in-
toxicating liquor is unlawful, unless the intoxicating

liquor is ethyl alcohol, and the sale of ethyl alcohol is unlawful unless made pursuant to the provisions of Sections 2224—6, 2224—7, Or. L., and Section 2224—10, Or. L., as amended by Chapter 405, Laws of 1921. The provisions just referred to apply only to the sale of ethyl alcohol by and to the persons specifically described and for the purposes particularly enumerated in the statute, and then only upon a permit being issued by the district attorney of the district in which the sale is made. That the defendant was not one of the persons enumerated, or that the transaction complained of did not come within the exceptions of the statute, was not a fact which the state was bound to negative, either by using the word ''unlawfully'' or by any specific allegation of the fact itself.

2. It is settled law in this state that exceptions in a statute need not be negatived in an indictment or information charging an offense under the statute when they afford matters of excuse only and do not define or qualify the offense. In *State* v. *Tamler,* 19 Or. 528 (25 Pac. 71, 9 L. R. A. 853), this court said:

''The exceptions should be negatived only when they are descriptive of the offense, or a necessary ingredient of its definition; but when they afford matter of excuse merely, they are matters of defense and therefore need not be negatived in the indictment.''

The doctrine there announced has been followed in every decision since rendered by this court upon that question. See *State* v. *Carmody,* 50 Or. 1 (91 Pac. 446, 12 L. R. A. (N. S.) 828); *State* v. *Sommer,* 71 Or. 206 (142 Pac. 759); *City of Astoria* v. *Malone,* 87 Or. 88 (169 Pac. 749), and cases there cited; *State* v. *Rosasco,* 103 Or. 343 (205 Pac. 290); *State* v. *He Quan Chan,* 113 Or. 168 (232 Pac. 619).

. Defendant relies upon the case of *City of Astoria* v. *Malone, supra,* to take this case out of the rule referred to. In that case the court cited with approval from 12 Stand. Ency. Proced. 408, as follows:

"When the statute creating an offense makes certain acts criminal when 'unlawfully' done, an indictment or information therefor must allege the acts charged were done 'unlawfully' or use words of equivalent meaning and import."

And also from 2 Bishop's New Crim. Proced., Section 503, as follows:

"But if a statute, in describing the offense which it creates, uses the word, '(unlawfully)' the indictment founded on the act will be bad if it be omitted; and it is generally best to resort to it, especially as it precludes all legal cause of excuse for the crime."

Here, no sale of intoxicating liquor could be lawfully made unless the defendant was one of those enumerated by the statute. If he was such person, that was a matter of excuse only and not descriptive of the offense. Not being such person, it was not necessary for the information to allege both the acts constituting the sale and that the sale was unlawful. The information, therefore, was sufficient without in any way attempting to qualify the acts done by designating them as unlawful.

3, 4. The next contention is that because it does not affirmatively appear from the record of the proceedings had in the Justice's Court that the defendant entered a plea of "not guilty" in that court, the judgment of the Circuit Court, upon appeal from the Justice's Court, should be set aside and reversed by this court upon this appeal. The record before us fails to show whether the defendant did or did not enter a plea of "not guilty" in the Justice's

Court, but in the absence of a showing to the contrary, the presumption is that he did plead to the charge. But whether he did or did not plead in the Justice's Court, he appealed to the Circuit Court and a judgment was there rendered against him upon that appeal, and it is from that judgment only that he is now appealing to this court. Upon the judgment being entered in the Circuit Court, the judgment of the Circuit Court superseded that of the Justice's Court.

5. Defendant contends that it was error for the Circuit Court to exclude testimony of statements of third parties concerning certain alleged declarations claimed to have been made to them by certain officers of the state, who were called and testified against defendant in the trial of the cause in the Circuit Court of an alleged "frame-up" by such officers against the defendant. The testimony offered was purely hearsay. The witnesses for the state were not parties to the criminal action, and any declarations made by them were not binding upon the state. If defendant had desired to impeach the testimony of the state's witnesses by showing that they had made the declarations referred to, he could have interrogated them concerning that matter while they were upon the witness-stand, and, if they denied having made said declarations and if the matter was material, then the parties to whom the declarations were made could have been called as witnesses by the defendant and have been permitted to testify that the declarations were made for the purpose of impeaching the state's witnesses, but not for the purpose of proving the truth of the declarations.

6, 7.    It is contended that it was error for the judge of the Circuit Court to refuse to have another judge called in to try the cause after the filing in the cause of an affidavit of prejudice against the trial judge.    The record fails to show whether the affidavit referred to was seasonably filed.    If it was seasonably filed, it was error for the judge to sit in the trial of the cause, but, since there is no affirmative showing that the affidavit was seasonably filed, before the case could be reversed upon that ground, it would be necessary for this court to presume error.

Finding no reversible error in the record, the judgment appealed from is affirmed.          Affirmed.

McBride, C. J., and Brown and Bean, JJ., concur.