Carl Harvey BISTRAM, Petitioner,

v.

UNITED STATES of America, Respondent.

Cr. No. 7885.

United States District Court
D. North Dakota,
Southwestern Division.

March 19, 1956.

DAVIES, District Judge.

This matter comes before the Court upon the motion of Carl Harvey Bistram, a prisoner confined at Alcatraz, to vacate the sentence imposed upon him by a Judge of this Court on October 28, 1949, such motion being made pursuant to 28 U.S.C.A. § 2255.

Bistram was convicted on his plea of guilty to an indictment charging that on or about June 6, 1949, he (and two others) "knowingly transported in interstate commerce from Mandan, State and District of North Dakota, to the vicinity of Laurel, State and District of Nebraska, one Ralph Alex Senn who had theretofore been unlawfully seized, abducted and kidnaped, carried away and held by said defendants for the purpose of aiding said defendants to escape arrest."

The indictment was based upon the following statute:

"Whoever knowingly transports in interstate or foreign commerce, any person who has been unlawfully seized, confined, inveigled, decoyed, kidnaped, abducted, or carried away and held for ransom or reward or otherwise, *except, in the case of a minor, by a parent thereof,*

shall be punished (1) by death if the kidnaped person has not been liberated unharmed, and if the verdict of the jury shall so recommend, or (2) by imprisonment for any term of years or for life, if the death penalty is not imposed." 18 U.S.C.A. § 1201(a). (Emphasis added.)

At his arraignment on September 27, 1949 (after postponements from June 28, 1949, to give him an opportunity to secure counsel), Bistram was represented by Court-appointed counsel. He pleaded guilty to the indictment and was sentenced to confinement for a period of 30 years. It is this sentence which Bistram has challenged by the present proceedings. The motion is grounded upon the theory that his conviction is null and void because the indictment failed to allege that he did not come within the statutory exception applicable to the parent of a minor child.

The question here presented is whether a kidnaping indictment which fails to negative an exception excluding a parent from operation of the kidnaping statute where the victim is his minor child, is so defective as to require a conviction under the indictment to be vacated on motion pursuant to 28 U.S.C.A. § 2255.

Bistram, in his memorandum in support of motion, argues that the indictment should have alleged he was not within the exception because it was in the "enacting clause" of the statute.[1]

Cursory reading of dicta from some opinions might seem to require the negativing of an exception contained in the enacting clause.[2]

---

1. To legislators "enacting clause" means the preamble *to any statute*, but to courts considering the "enacting clause" *of a criminal statute* it means that part of the statute which creates and defines the offense. City of Astoria v. Malone, 1918, 87 Or. 88, 169 P. 749; United States v. Oregon Short Line R. Co., C.C.Idaho 1908, 160 F. 526.

2. United States v. Cook, 1872, 17 Wall. 168, 173, 84 U.S. 168, 173, 21 L.Ed. 538: "Where a statute defining an offense contains an exception, in the enacting clause of the statute, which is so incorporated with the language defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted, the rules of good pleading require that an indictment founded upon the statute must allege enough to show that the accused is not within the exception"; Ledbetter v. United States, 1898, 170 U.S. 606, 611, 18 S.Ct. 774, 776, 42 L.Ed. 1162: "The general rule is that, while the pleader is not bound to negative a proviso, he is bound to aver that the defendant is not within any of the exceptions contained in the enacting clause of the statute."

924

But a more accurate statement of the rule is that, irrespective of whether the exception is contained in the enacting clause or in a subsequent clause or section of a criminal statute, the exception does not have to be negatived if it is not an essential element in the statutory definition of the offense.[3]

Where not required to be negatived in the indictment, an exception would have to be established as a defense by the accused. Williams v. United States, 1943, 78 U.S.App.D.C. 147, 138 F.2d 81, 153 A L.R. 1213.

██ Under the pertinent statute in the instant case, the exception is not an essential element of the offense and does not have to be negatived. In fact the exception was not even a part of the original 1932 statute, but was added by amendment in 1934.[4] It merely withdraws a parent from operation of the statute where the victim is his minor child and excuses what would otherwise be a criminal offense. See 7 Fifths Old Grand-Dad Whiskey v. United States, 10 Cir., 1946, 158 F.2d 34, 36.

 Had the petitioner here, Carl Harvey Bistram, been the father of the victim, Ralph Alex Senn, and had the victim been a minor, such facts should have been but were not presented to the Court as a defense. Petitioner's motion here is a collateral attack upon the judgment, and only such grounds as would be available in habeas corpus proceedings may be relied upon. Risken v. United States, 8 Cir., 1952, 197 F.2d 959, 961. In Knight v. Hudspeth, 10 Cir., 1940, 112 F.2d 137, a prisoner serving a 25 year sentence, which had been imposed after his plea of guilty to an indictment under the kidnaping statute, petitioned for a writ of habeas corpus on the ground that the indictment was defective for failure to negative the exception. The Court held, affirming a judgment denying the petition, that the sufficiency of the indictment was not subject to challenge on habeas corpus.

██ Accordingly the indictment here is not subject to collateral attack by motion under 28 U.S.C.A. § 2255; and even if it were, the attack would be ineffective. Since the moving papers together with the files and records of the case conclusively show that the prisoner is entitled to no relief as a matter of law, a hearing on the motion is unnecessary. 28 U.S.C.A. § 2255 (third sentence); Godwin v. United States, 8 Cir., 1951, 191 F.2d 932; Meredith v. United States, 4 Cir., 1953, 208 F.2d 680; cf. Davis v. United States, 8 Cir., 1954, 210 F.2d 118 (issues of fact require a hearing).

It is the opinion of this Court that the indictment of which the petitioner Bistram complains was in no manner defective, and that, for the reasons assigned herein, petitioner's motion to vacate the sentence imposed should be denied without a formal hearing.

It is so ordered.

3. McKelvey v. United States, 1922, 260 U.S. 353, 43 S.Ct. 132, 67 L.Ed. 301; Krause v. United States, 8 Cir., 1920, 267 F. 183 (a case originating in the District of North Dakota); Weare v. United States, 8 Cir., 1924, 1 F.2d 617; Walker v. United States, 8 Cir., 1935, 79 F.2d 269; Seele v. United States, 8 Cir., 1943, 133 F.2d 1015; Nicoli v. Briggs, 10 Cir., 1936, 83 F.2d 375, 379: "Nor is it a matter of importance whether the excepting clause is in parenthesis, or set off by commas, at the beginning of the sentence, or follows a proviso at the end."

4. Miller v. United States, 8 Cir., 1941, 123 F.2d 715, 716, holding that a stepfather prosecuted for kidnapping his stepdaughter had the burden of establishing as a defense that he was within the excepted class.