DOWNEY *v.* DUFF.

Opinion delivered December 2, 1912.

1. ASSAULT AND BATTERY—SUFFICIENCY OF EVIDENCE—EXCESSIVE VERDICT.—Evidence that defendant by assault and battery upon the plaintiff so injured the latter that he lost ten days from work, incurred a $10 doctor's bill, and suffered an impairment of his hearing, is sufficient to support a verdict for $500 damages, even though there is evidence that plaintiff injured defendant at the same time, and under this evidence the verdict is not excessive. (Page 6.)

2. ASSAULT AND BATTERY—SELF-DEFENSE.—Instructions on the law of self-defense are proper which state that to be relieved from liability the defendant must be free from fault or carelessness in reaching the conclusion that his own safety demands the action that he takes against the plaintiff.   (Page 7.)

Appeal from Clay Circuit Court, Western District; *W. J. Driver*, Judge; affirmed.

*F. G. Taylor*, for appellant.

1. Having alleged that the assault and battery was maliciously done, appellee was bound to prove it. It was therefore error to give any instructions which did not make the recovery of exemplary damages depend upon the malice of the wrong-doer.   19 N. W. 308, and cases cited; 90 Ark. 462.

2. Instruction 4 was erroneous in charging the jury in effect that before the defendant would be justified in striking the plaintiff when the latter was committing an assault upon him, defendant would have to act as a prudent person would under similar circumstances. The true test is not what a prudent person would do, under the circumstances, but defendant had the right to use such force as reasonably appeared to him to be necessary.   67 Ark. 594; 85 Ark. 48.   He was justified if, acting upon the facts as they appeared to him, he honestly believed, without fault or carelessness on his part, that the danger was so urgent and pressing that it was necessary to strike in order to avoid receiving great bodily injury. 85 Ark. 376.   Instruction 5 errs in limiting defendant's right of self-defense to only such means as was necessary to protect himself from serious bodily injury.   He had the right not only to protect himself from any injury at the hands of the plaintiff, but also to protect himself from being struck by plaintiff, even though no injury at all had been inflicted thereby. 3 Cyc. 1046, and cases cited.

*G. B. Oliver*, for appellee.

1. Any error with reference to punitive damages was eliminated by the court's action in setting aside the verdict allowing such damages.

2. Instructions 4 and 5, as given by the court, correctly state the law.   85 Ark. 376; *Id.* 48; 67 Ark. 594.

Smith, J. This is a suit for damages for an assault and battery alleged to have been committed upon appellee by the appellant. Damages both compensatory and punitive were asked at the trial and were awarded by the jury; the compensatory damages being assessed at $500 and punitive damages at $250. The court set aside the verdict for punitive damages and the plaintiff prayed an appeal from that order, but does not now prosecute that appeal. So that the case stands as an appeal from the judgment of the court below, awarding compensatory damages. This being true it is unnecessary to consider the various objections made by the defendant to the court's instructions on the question of punitive damages.

It appears that on August 5, 1909, appellee was baling hay on the appellant's farm in Clay County and a dispute arose between them as to the deduction of weight that should be made on account of the dampness of the hay. The trial proved to be a swearing match. According to the proof on the part of plaintiff, the assault was unprovoked and unexpected and came near a fatal termination. And on the other hand, according to the proof of the defendant and his witnesses, the plaintiff was the aggressor and the defendant was excused as having acted in his necessary self-defense. There was an abundance of proof to sustain either contention, but in view of the fact that it was conceded that defendant was struck over the head with a standard from a hay frame and rendered as he claims unconscious, in view also of the evidence on plaintiff's part that he lost ten days work and incurred a doctor's bill for $10 and suffered some impairment of his hearing, which last statement was corroborated by a physician, we can not say that the jury was not warranted in the verdict it rendered, nor can we say it was excessive.

With the question of the excessiveness of the verdict and the sufficiency of the evidence eliminated, together with that of the correctness of the court's charge on the point of punitive damages, there remains to be considered only the question of the court's instruction on the issue of self-defense. Upon this question the defendant asked several instructions, all of which were refused, except defendant's instruction numbered 6, which was given as modified, the modification being shown by the parenthesis:

"If you find from the evidence that the plaintiff Duff, made an assault upon the defendant Downey, with a dangerous weapon and that Downey in good faith believed that it was necessary for him to strike Duff in order to prevent Duff from striking him with the weapon (to avoid the infliction of bodily harm upon himself) and that Downey used no more force than was necessary (as the situation appeared to the defendant under the circumstances) then you should find for the defendant."

There can be no error in either of these modifications for the first tells the jury one may strike another with a weapon only to avoid the infliction of bodily harm. This is the foundation of the law of self-defense and unless there is such danger there can be no right to inflict any physical injury upon another. And the second modification tells the jury that this can not be done unless the situation of the parties is such that it reasonably appears to be necessary to the defendant under the circumstances.

The court of its own motion gave instructions numbered 4 and 5 as follows:

No. 4. "You are instructed that an assault is an unlawful attempt, coupled with present ability, to commit a violent injury on the person of another, and, if you find from a preponderance of the evidence that at the time defendant struck plaintiff, plaintiff was committing an assault upon him, the defendant was justified in using such force as appeared to him reasonably necessary, acting as a prudent person would under similar circumstances, to resist the assault of plaintiff, and to prevent any renewal of such assault, if such renewal could be reasonably apprehended."

No. 5. "You are instructed that if you find from a preponderance of the evidence that at the time defendant struck plaintiff, plaintiff was attempting to strike defendant, or if it reasonably appeared to defendant, viewed from his standpoint alone, by words or acts of plaintiff that plaintiff was about to make an unlawful attack upon him, in that event defendant had a right to use whatever means was necessary to protect himself from serious bodily injury, and this is the case although it subsequently appeared that defendant used

more force than was actually necessary to protect himself from serious bodily harm."

These instructions fairly present the law of self-defense, and state it as favorably to the defendant as he had any right to demand. The appellant specially complains against the modification of his instruction No. 6 as above shown and to the words "acting as a prudent person would under similar circumstances," in the court's fourth instruction, his contention being that "the right to use such force as reasonably appears necessary to the defendant is the test and not a prudent person." This question has been fully considered and thoroughly discussed in the prior decisions of this court and the rule is well settled that while the jury must view the transaction from the defendant's standpoint, that view must be one of good faith and free from fault or carelessness on defendant's part. A man can not become frenzied from any of the passions that ordinarily move men to acts of violence and then require of the jury that they imagine their perception and judgment to be so befogged that temporarily their reasoning faculties do not control their actions. Even a great passion, apparently irresistible, does not justify one to inflict a wound which results in death, nor would such passion reduce the grade of the homicide, if death ensued, unless it was caused by a provocation apparently sufficient to cause this passion, and both this passion and provocation do not excuse, they merely reduce the degree of the homicide. These instructions with their modifications, amount to telling the jury that before Downey had the right to fell Duff with a blow of his weapon, he must be free from fault or carelessness in reaching the conclusion that his own safety demanded that action. And this is the true doctrine of self-defense and that announced in the case of *Brooks* v. *State*, 85 Ark. 376; *Maginnis* v. *State*, 67 Ark. 594.

Affirmed.