Submitted on brief June 5, reversed June 23, 1914.

## STATE v. SOMMER.

### (142 Pac. 759.)

**Weights and Measures—Regulations—Violation—Complaint.**

Under Laws of 1911, page 289, Section 3, requiring all butter sold or offered for sale to be plainly marked "8 ounces, full weight," "16 ounces, full weight," "24 ounces, full weight," or "32 ounces, full weight," and making violation of the provisions of the act a misdemeanor, a complaint charging that the accused sold and offered for sale squares of butter not plainly marked "32 ounces, full weight," contrary to the statute in such cases made and provided, not showing that the butter was not marked in either of the other ways named in the statute, did not state an offense, though Section 1448, subdivision 6, L. O. L., declares an indictment sufficient if the act or omission charged is clearly and distinctly set forth in ordinary and concise language without repetition and in such a manner as to enable a person of common understanding to know what is intended.

[As to the validity of legislation for prevention of fraud in weights and measures, see note in Ann. Cas. 1912C, 251.]

From Multnomah: HENRY E. MCGINN, Judge.

The defendants, Charles H. Sommer, complained against as John Doe, manager of Armour & Co., a corporation, was arrested, tried and convicted of violation of Laws 1911, Chapter 179, Section 3, and sentenced to imprisonment in the county jail for 30 days, and appeals. Reversed with directions to sustain demurrer to the complaint. Submitted on brief under the proviso of Supreme Court Rule 18, 56 Or. 622 (117 Pac. xi).	REVERSED WITH DIRECTIONS.

For appellant there was a brief over the names of *Mr. Albert E. Gebhardt, Mr. Alfred R. Urion* and *Mr. Walter C. Kirk.*

No appearance for the State.

In Banc. MR. JUSTICE RAMSEY delivered the opinion of the court.

This action was brought in the justice's court for the Portland district. The complaint was filed in that court on January 3, 1913.

The body of the complaint is in the following words:

"John Doe, manager of Armour & Co., a corporation, is accused by this complaint of the crime of misbranding butter, committed as follows: The said John Doe, manager of Armour & Co., on the 6th day of December, A. D. 1912, in the county of Multnomah, State of Oregon, then and there being, did then and there unlawfully sell, offer and expose for sale, certain squares of butter within the State of Oregon, the said squares not being plainly marked '32 ounces, full weight,' contrary to the statute in such cases made and provided and against the peace and dignity of the state of Oregon."

Charles H. Sommer, the manager of Armour & Co., was arrested under process issued out of said justice's court in said action and taken before said court and arraigned. He pleaded not guilty, but was convicted and fined $25, by said justice's court. He appealed to the Circuit Court of Multnomah County. He there withdrew his plea of not guilty and was permitted to file a demurrer to said complaint. Said Circuit Court overruled said demurrer, and the defendant again pleaded not guilty. On the trial in the Circuit Court he was found guilty and was sentenced to imprisonment in the county jail for the period of 30 days.

The defendant makes several points in his brief, but it will be necessary to consider but one point made, and that is the one relating to the sufficiency of the complaint.

This action is based upon Section 3 of Chapter 179 of the Laws of 1911, which is as follows:

"It shall be unlawful for any person, firm, association, or corporation to sell, offer or expose for sale any short weight butter within the State of Oregon. All butter sold, or exposed or offered for sale in rolls, prints or squares, within the State of Oregon, shall be plainly marked, 'eight ounces, full weight,' 'sixteen ounces, full weight,' 'twenty-four ounces, full weight,' or 'thirty-two ounces, full weight,' and every roll, print or square sold, or offered or exposed for sale shall contain the number of ounces marked thereon; and any person, firm, association or corporation violating any of the provisions of this act, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be punished by a fine of not less than $25, nor more than $100, or by imprisonment in the county jail for not less than thirty days nor more than six months, or both such fine and imprisonment."

It will be noticed that the first sentence of this section prohibits the sale of short-weight butter; but that is only a part of the inhibitions of said section. The complaint is founded on the subsequent sentences of said section, which provide that all butter sold or exposed for sale in rolls, prints, or squares within the state shall be plainly marked "eight ounces, full weight," "sixteen ounces, full weight," "twenty-four ounces, full weight," or "thirty-two ounces, full weight," and this section further provides that:

"Every roll, print or square sold or offered or exposed for sale, shall contain the number of ounces marked thereon, and any person, firm association or corporation violating any of the provisions of this act, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be punished by a fine of not less than $25, nor more than $100, or by imprisonment in the county jail for not less than thirty days, nor

more than six months, or both such fine and imprisonment."

The defendant contends that said complaint does not state facts sufficient to constitute a crime; and this is the only question that we shall determine. The first sentence of the complaint accuses the defendant of the crime of "misbranding butter," but this seems to be an error. The complaint does not aver that the defendant put any brand on the butter; but this error is not fatal on the demurrer interposed. The charge is that he did "then and there unlawfully sell, offer and expose for sale, certain squares of butter within the State of Oregon; the said squares of butter not being plainly marked '32 ounces, full weight,'" etc. The allegation is that he sold and offered and exposed for sale squares of butter, and that these squares were not plainly marked "32 ounces, full weight." The complaint does not allege how many ounces of butter were thus sold or offered or exposed for sale. It does not aver that said squares were not plainly marked "eight ounces, full weight," or "sixteen ounces, full weight," or "twenty-four ounces, full weight." It may be that the squares contained only 8, 16 or 24 ounces of butter, and that they were properly marked with the required marks, corresponding with the number of ounces sold or offered for sale. If the squares sold contained only 8, 16, or 24 ounces, and were plainly marked to show that fact, the sale was not unlawful. If the defendant sold only 16 ounces, it was neither necessary nor lawful to mark them "32 ounces, full weight." The marking should correspond with the number of ounces in the rolls, prints, or squares sold or offered for sale. The purpose of this act was to enable the purchaser of butter to obtain

the quantity of butter that he bargains or pays for, and to prevent and punish fraud in sales of butter.

To sell or offer for sale rolls, prints, or squares of butter having no marks on them to indicate the amount in each roll, print, or square would be a violation of this law; but the complaint does not aver that the squares sold or offered for sale by the defendant contained no such marks. The allegation is that they were "not plainly marked 32 ounces, full weight"; and, as the number of ounces sold or offered for sale is not stated, the complaint does not show that the defendant did anything contrary to said section.

In *State* v. *Tamler & Polly*, 19 Or. 530 (25 Pac. 72, 9 L. R. A. 853), the court says:

"The indictment must contain such averments as show affirmatively an offense; and, where the exceptions or provisos are a material part of the description of the offense, the indictment must aver that the act charged does not come within the exception or proviso."

In *Evans* v. *United States*, 153 U. S. 587 (38 L. Ed. 830, 14 Sup. Ct. Rep. 936), the court says:

"Even in cases of misdemeanors, the indictment must be free from all ambiguity, and leave no doubt in the minds of the accused and of the court of the exact offense intended to be charged, not only that the former may know what he is called upon to meet, but that, upon a plea of former acquittal or conviction, the record may show with accuracy the exact offense to which the plea relates."

22 Cyc. pages 335, 336, says:

"An indictment for an offense created by statute must be framed upon the statute, and this fact must distinctly appear upon the face of the indictment itself; and, in order that it shall so appear, the pleader must either charge the offense in the language of the act, or specially set forth the facts constituting the

same. The general rule is that the charge must be so laid in the indictment as to bring the case precisely within the description of the offense, as given in the statute, alleging distinctly all the essential requisites that constitute it. Such facts must be alleged that, if proven, the defendant cannot be innocent. * * The want of direct averments of material facts cannot be supplied by argument or inference, nor by the conclusion 'contrary to the form of the statute.' "

An indictment or a complaint in a criminal case is sufficient if the act or omission charged as the crime is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended: Section 1448, subd. 6, L. O. L.

The complaint in this case is clearly bad in that it does not state facts sufficient to constitute a crime. Under the statute, it is not a crime to sell or offer to sell certain squares of butter, the squares not being plainly marked "32 ounces, full weight," unless the quantity sold or offered for sale was, or was represented to be, 32 ounces. If it was only 8, 16, or 24 ounces that was sold or offered for sale, it would not have been proper or lawful, under said section, to mark it "32 ounces, full weight." The complaint contains no averment as to the amount sold or offered for sale.

The demurrer to the complaint should have been sustained. We do not deem it necessary to pass on the other questions raised and argued in the briefs.

The judgment of the court below is reversed, and the case is remanded to the court below, with directions that said court sustain the demurrer to the complaint.          REVERSED WITH DIRECTIONS.