WILLIAM H. HUBBARD, Respondent, *v.* NEW YORK RAILWAYS
COMPANY, Appellant.

Second Department, June 7, 1918.

Railroads — negligence — injury to pedestrian by street car —
contributory negligence — attempt to cross street in front of
approaching car — calculation as to chance of crossing safely —
necessity of running in order to cross — sudden acceleration of
car — bill of particulars — evidence — extent of injuries.

A verdict based on a finding that a plaintiff who was struck by an approach-
ing car while crossing a street in the city of New York was free from
contributory negligence is against the weight of evidence where it appears
that he was watching the approaching car and was struck before he
succeeded in crossing the track although there was no emergency.

It is negligence to cross a street in front of an approaching car with a nice
calculation of chances, especially where it is necessary to run in order
to cross safely.

*It seems,* however, that the rule aforesaid would not obtain if the calculations
of the plaintiff were upset by a sudden acceleration of the car as it
approached him.

Evidence examined, and *held,* insufficient to show that the car which struck
the plaintiff was suddenly accelerated and that a finding that the plaintiff
was free from contributory negligence was against the weight of evidence
and that a new trial should be granted.

*It seems,* that a bill of particulars which specifies an injury to the plaintiff
as " fracture of clavicle " does not limit the proof to the fracture of one
clavicle only, especially where there is to be a new trial so that the
defendant cannot be taken by surprise.

APPEAL by the defendant, New York Railways Company,
from a judgment of the Supreme Court in favor of the plain-
tiff, entered in the office of the clerk of the county of Kings
on the 9th day of January, 1918, upon the verdict of a jury
for $5,000, and also from an order entered in said clerk's
office on the 19th day of January, 1918, denying defendant's
motion for a new trial made upon the minutes.

*B. H. Ames* [*James L. Quackenbush* with him on the brief],
for the appellant.

*Henry M. Dater* [*Jay S. Jones* and *Edward J. Fanning*
with him on the brief], for the respondent.

BLACKMAR, J.:

The appellant claims that the verdict, in that it finds plaintiff free from contributory negligence, is against the weight of evidence, and we think it is. The plaintiff was crossing Fourteenth street in front of an approaching car, which he was watching as it came. Before he succeeded in crossing he was struck by the car and injured. There was no emergency, but plaintiff went deliberately and as the result of a calculation that he had time to cross in safety. It is negligent to cross a street in front of an approaching car on a nice calculation of chances. (*McGuire* v. *New York Railways Co.*, 176 App. Div. 490; *Mullen* v. *Schenectady R. Co.*, 214 N. Y. 300.) Especially if " ordinary running " was necessary to enable him to cross safely, as plaintiff testified was the fact in this case. (*Vandenbout* v. *Rochester R. Co.*, 202 N. Y. 61.) The principle underlying the rule is that the pedestrian takes the risk of his own calculation and that this is not such care as an ordinarily prudent person would exercise for his own safety.

The plaintiff, however, claims that he was justified in thinking he might safely cross, but that his calculation was set at naught by the fact that the car suddenly accelerated its pace notwithstanding that it was nearing the ordinary place of stopping. It is true that in the crowded streets of New York pedestrians must often cross in front of approaching vehicles or keep off the streets. The rule, therefore, that it is negligent to cross on a nice calculation of chances must be strictly applied. If any new element enters into the case, like an unexpected and unusual acceleration of speed by the vehicle, the question becomes one of fact, for it cannot be affirmed that this would necessarily have been anticipated by a reasonably prudent man. It might or it might not, depending on circumstances. If, therefore, the evidence is sufficient to establish that plaintiff was injured because the speed of the car was suddenly increased, we think the verdict of the jury would not be against the evidence.

It now becomes necessary to examine the evidence on this point. The plaintiff testified that as he approached the street for the purpose of crossing, and came within about ten feet of the first rail, he looked uptown and noticed the car about

eighty or one hundred feet away, coming, at what seemed to be ordinary speed, from Fourth avenue. He then continued: "I started across, and I kept my eye on the car, and I felt that with ordinary running I had ample time, but somehow or other that car made a quick movement, and in spite of the fact that I thought I got over in rather quick time, I was struck."

The difficulty of measuring the distance of an approaching body at any particular moment is illustrated by the different estimates made by plaintiff, an apparently honest witness, on his direct and cross-examination. On his direct examination he said the car was eighty feet away when he reached the first rail; on his cross-examination he estimated the distance as forty feet. On his direct examination he said the car was forty feet away when he was at the middle of the track, while on his cross-examination he estimated the distance at twenty feet. We are inclined to attach but little importance to these discrepancies. The question is on the evidence of the acceleration of the speed of the car as it approached. The quotation above shows that when the plaintiff was choosing his own words the evidence is extremely slight and we think not sufficient to base a finding of increase of speed under the doctrine of the sufficiency of evidence to support a finding enunciated in *Matter of Case* (214 N. Y. 199). But on cross-examination he was led to adopt much stronger language, supplied by defendant's counsel, as appears by the following excerpt from the record: " Q. And you want the jury to believe that the car came suddenly, quickly, while you were on the track, is that right? A. Exactly. Q. Gave a sudden spurt and caught you as you were coming off the track? A. Yes, sir."

Where a witness adopts language furnished by counsel, the testimony, although not persuasive, is still evidence. We must, therefore, say there was some evidence that the speed of the car was suddenly increased, and the result is to present a question of fact, for if such were the case the inference of want of contributory negligence was permissible.

But this slight evidence is overwhelmed by the other evidence in the case. The car was approaching a stopping place indicated by a white mark across the street; the only

other witness to the accident called by plaintiff did not corroborate him on this point; and the testimony of the four witnesses called by the defendant, some apparently interested and some disinterested, was opposed to the evidence of plaintiff on the point under consideration.

We think that in view of the slight and uncertain character of plaintiff's evidence, the probabilities of the case and the contradiction of other witnesses, this is a case where we should hold that the finding of the jury that the plaintiff was free from contributory negligence was against the weight of evidence and that the case should be submitted to another jury.

As the case must be tried again, we think it proper, although unnecessary to the decision, to express our opinion on another point raised by defendant. The allegation of damage in the complaint is sufficiently broad to admit evidence of the fracture of both clavicles. (*Ehrgott* v. *Mayor, etc.,* 96 N. Y. 264.) The specification of injuries in the bill of particulars is " fracture of clavicle." We do not think this is sufficiently definite to limit the proof to the fracture of one clavicle. Certainly on a new trial the defendant cannot be surprised by such evidence, even if it was upon this trial.

The judgment and order should be reversed, and a new trial granted, costs to abide the event. The finding of the jury that plaintiff was free from contributory negligence should be specified in the order as reversed as against the weight of evidence.

JENKS, P. J., THOMAS, MILLS and PUTNAM, JJ., concurred.

Judgment and order reversed, and a new trial granted, costs to abide the event. The finding of the jury that plaintiff was free from contributory negligence should be specified in the order as reversed as against the weight of evidence.