Motion to dismiss and affirm denied September 25, argued at
Pendleton October 30, reversed December 29, 1928.

## STATE *v.* S. C. LINVILLE.

(273 Pac. 338.)

For appellant there was a brief over the name of *Mr. N. G. Wallace,* with oral arguments by *Mr. I. H. Van Winkle,* Attorney General, and *Mr. L. A. Liljeqirst.*

For respondent there was a brief over the name of *Mr. A. J. Moore,* District Attorney, and *Mr. D. G. Burdick,* with an oral argument by *Mr. G. H. Brewster.*

BEAN, J.—The defendant, S. C. Linville, a state prohibition officer, was indicted jointly with L. L. McBride, also a state prohibition officer, charging them with the crime of an assault with a dangerous weapon. Defendant Linville was convicted of the crime as charged and fined in the sum of $250. Defendant McBride was found not guilty. The charging part of the indictment is as follows:

"That said S. C. Linville and L. L. McBride on the 7th day of April A. D., 1928, in the said county of Deschutes and state of Oregon, then and there being, and then and there acting jointly together and in conjunction with each other, did then and there purposely, wilfully, unlawfully and feloniously assault one John W. Dennis with said dangerous weapon, to-wit: An electric flash light, said electric

flash light consisting of a metal and glass case, inclosing electric batteries, being cylindrical in form, of a length of twelve inches more or less, and of a weight of two pounds more or less, by then and there striking, beating and bruising said John W. Dennis about the face and head with said weapon, and said weapon as so used in said assault was and is a dangerous weapon, contrary to the statutes,'' etc.

It will be necessary to refer to only one defendant.

A demurrer was filed to the indictment by the defendant for the reason that it did not state facts sufficient to constitute a crime, or conform to the requirements of the Code. The demurrer was overruled and defendant assigns error in such ruling.

It is contended that the indictment is insufficient for the reason it does not allege that the defendant was ''armed with a dangerous weapon.'' The indictment was brought under Section 1923, Or. L., which provides as follows:

''If any person, being armed with a dangerous weapon, shall assault another with such weapon, such person, upon conviction thereof, shall be punished,'' etc.

Section 1437, Or. L. (subd. 2), requires the indictment to contain a statement of the acts constituting the offense in ordinary and concise language without repetition and in such a manner as to enable a person of common understanding to know what is intended. Section 1448, Or. L. (subd. 6), is to the same effect.

Section 1447, Or. L., provides that words used in a statute to define a crime need not be strictly pursued in the indictment, but other words conveying the same meaning may be used. While the indictment does not use the words ''armed with a dangerous weapon,'' the fact that the defendant was armed is clearly expressed in the indictment in other language

,and the instrument with which the assault is alleged to have been made is described and it is alleged that the same, as so used, was a dangerous weapon. There is no specific form for an indictment for the crime of an assault with a dangerous weapon provided in the statute.

■ ■ It is not necessary that the indictment follow any particular form or that it follow the statute: *State* v. *Parr,* 54 Or. 316 (103 Pac. 434); *State* v. *Sommer,* 71 Or. 206 (142 Pac. 759); *State* v. *Branton,* 49 Or. 86, 88 (87 Pac. 535). It is sufficient where the acts charged as a crime are set forth with a sufficient degree of certainty so as to inform the defendant of the offense with which he is charged and enable a person of common understanding to prepare for a defense: *State* v. *Frasier,* 94 Or. 90 (180 Pac. 521, 184 Pac. 848); *State* v. *Rosasco,* 103 Or. 343, 352 (205 Pac. 290); *State* v. *Jewett,* 48 Or. 577, 586 (85 Pac. 994).

■ The indictment is, in substance, the same as the form in such cases suggested in 1 McLain on Criminal Law, page 226, Section 261. We think the indictment charges the defendant with a crime which is distinctly set forth in ordinary language in such a manner as to enable the defendant, as a person of common understanding, to know with what he is charged and is sufficient. The indictment is not a good model and the language thereof could be improved. There was no error in overruling the demurrer.

Upon the trial before a jury there was testimony tending to show that on April 7, 1928, after dark, the defendant Linville, together with McBride, both prohibition agents, stopped an automobile at the outskirts of Bend as it approached the highway on a

side road leading from a roadhouse where it was suspected and reported that intoxicating liquors were dispensed, and the proprietor had at one time been convicted of violating the prohibition law. The defendant Linville accosted the occupants of the car, John W. Dennis and one Kirby, who was driving the car, and Linville said, "Officers' men, what have you in the car?" The prosecuting witness, Dennis, answered, "Rubber tires, liquor and wild women." That Linville stated that he was going to search the car and requested Dennis to get out of the car in order that he might do so. That Dennis demurred and in order to search the car Linville took hold of Dennis, and that Dennis struck at him, attempting to assault him. Whereupon he struck at Dennis with the hand in which he held the flashlight and a fight occurred.

■ It was claimed by the defendant that the initial search and resulting fight occurred under a claim of probable cause that the car contained intoxicating liquor. An exception was reserved for the reason that while the witness for the state, J. W. Dennis, was upon the stand, he was asked to describe the flashlight and, among other questions, he was asked what kind of a flashlight it was. He answered: "I would say it was a flashlight such as speed cops and those carry; a three or four cell flashlight. Q. About how long? A. Probably a foot in length, and I would say that the flashlight would weigh two or three pounds."

Objections were interposed to this testimony for the reason that it was an estimate or opinion of the witness as to the size and weight of the flashlight, and that the witness was not qualified to answer. The flashlight was introduced in evidence before the

jury. The testimony of the witness was competent as a general description of the instrument alleged to have been used as a weapon: *Hubbard* v. *New York Ry. Co.* 183 App. Div. 470 (170 N. Y. Supp. 889). There was no error in admitting such testimony.

■ Dr. J. F. Hosch, who attended Dennis after the fight, when a witness for the state was asked the following question:

"I will ask you, then, if in your opinion, if a man was struck with a flashlight weighing two pounds, more or less, but approximately two pounds, and a foot long, and during the attack the flashlight was broken and the glass had come out of it, and he was being struck about the head and the face and right under the eye, where these wounds which you have described on Mr. Dennis were, whether in such an attack with such an instrument, it could not have possibly resulted in great bodily injury, or even death?"

The defendant interposed an objection to the hypothetical question for the reason it was not based upon all of the testimony with reference to the flashlight and injuries. The objection was overruled and an exception reserved. The witness answered to the effect that the instrument could be of such a nature as could endanger the sight of an eye or, remotely, could possibly endanger life.

■ ■ The question propounded to the doctor was proper. It is a matter for expert testimony as to whether a certain instrument used in a certain way could have caused great bodily injury. The witness was possessed of knowledge not common to the jury. There was no error in overruling the objection. A hypothetical question on principle need not include any particular number of facts, and need not include all the facts which the questioner alleges in his case.

The form of the hypothetical question and the facts to be embraced therein are matters resting largely in the discretion of the trial court: 22 C. J., § 796, p. 708,, also, § 802, pp. 712, 713; 1 Wigmore on Evidence, § 682, subd. (d).

At the close of the testimony the defendant moved for an order of the court directing the jury to render a verdict of not guilty. And also at the appropriate time objected to the introduction of any evidence, for the reason that the indictment did not charge a crime. A motion for a directed verdict assigns the same reason, and also for the reason that the evidence did not support the indictment.

■ An intentional, unlawful offer of corporal injury to another by force, or force unlawfully directed toward the person of another, under such circumstances as create a well-founded fear of imminent peril, coupled with the apparent present ability to effectuate the attempt, if not prevented, constitutes an assault: 5 C. J., p. 615, § 1. Under the indictment, if the evidence warranted, the defendant could have been found guilty of an assault with a dangerous weapon, or a simple assault.

■ The testimony was conflicting. One construction of the testimony of the prosecuting witness, Dennis, would be to the effect that the defendant struck him with a flashlight, without necessity or provocation. According to his testimony the defendant could have been found guilty of some offense under the indictment. There was no error in overruling the motion for a directed verdict.

The defendant Linville upon the trial claimed as a defense that he was justified in his acts as an officer in searching the car, and that he acted in self-defense. He requested the court to give an instruction as to

the right of self-defense. The court refused to give the instruction, as requested, but in lieu thereof modified the same by adding the words inclosed in parentheses:

"The court instructs the jury that if you find from the evidence that at the time the defendants, or either of them, struck the witness Dennis, the witness Dennis was attempting or threatening to strike the defendants, or either of them, or if it reasonably appeared to the defendants, or either of them, viewed from his or their standpoint alone by words or acts of the witness Dennis, that said Dennis was about to make an unlawful attack upon the defendants, or either of them, in that event the defendants, or either of them, had a right to use whatever means was necessary to protect themselves from bodily injury, (providing they were making a lawful search, and that they did not use more force than would have been used by a prudent man under like or similar circumstances)."

The defendant reserved an exception to the refusal of the court to give the instruction, as requested, and to the giving of the instruction as modified by the court.

The defendant also requested the court to give a further instruction in regard to self-defense. The court in lieu thereof modified the same by inserting the words inclosed in parentheses and instructed the jury as follows:

"The court instructs the jury that an assault is an unlawful attempt,—they use the word 'Intentional' attempt,—coupled with a present ability to commit a violent injury upon the person of another, and if you find from the evidence that at the time the defendant, Linville, struck the witness Dennis, the said Dennis was committing, or attempting to commit, an assault upon him, (and you find said Dennis knew

said defendants were officers,) the said defendant was justified in using such force as appeared to him reasonably necessary, acting as a cautious person would under similar circumstances, to resist the assault of the witness Dennis, and to prevent any renewal of such assault, if such assault could reasonably be apprehended."

Defendant duly excepted to the refusal and to the giving of the instruction as modified.

We think these instructions may be considered together. They must be considered in connection with the other instruction given by the court: *State* v. *Doherty,* 52 Or. 591 (98 Pac. 152). We find no other instruction directly upon the right of defendant to act in self-defense. The proviso added to the first requested instruction by the court, directed the jury, in effect, that the right of the defendant to act in self-defense depended upon whether he was making a lawful search of the car.

The second instruction, as modified by the court, directs the jury, in substance, that at the time, if Linville struck the witness Dennis, said Dennis was committing or attempting to commit an assault upon him, Linville, that the defendant would be justified in using such force as appeared to him reasonably necessary, acting as a cautious person would, under like circumstances, to resist the assault of the witness Dennis and to prevent any renewal of such assault, if such assault could be reasonably apprehended, upon the one condition, and only upon the condition that Dennis knew said defendants were officers.

One of the important questions in the case relating to the conflict between the parties, as bearing on the right of self-defense was, who was the aggressor? Did Dennis wrongfully and unlawfully assault Lin-

ville in the first instance, so as to justify the officer to use necessary force in defending himself? A pertinent inquiry was also: Did the officer, in the performance of his duty of searching the car, use more force than was necessary to effect the search, or more force than was necessary, or apparently necessary, as a reasonably prudent man, under all the circumstances as they appeared to him at the time, in resisting the alleged assault made upon him by Dennis?

If Dennis assaulted the officer Linville, ignorance on the part of Dennis that Linville was an officer in the discharge of his duties would not be a complete defense to the crime or a justifiable excuse, but such ignorance could be shown if Dennis was being prosecuted for assaulting such an officer to reduce the offense from an aggravated to a simple assault: 5 C. J., p. 733, § 203; 2 Wharton's Criminal Law, § 852.

It is the policy of the state to clothe its servants with official immunities when engaged in official acts. The immunity belongs, not to the individual, but to the office, and it is the general rule that if the immunity is to be vindicated, the office must be proclaimed or made known by the officer, in order to punish a defendant for resisting an officer. This rule applies to a case of resistance. It should be remembered that an officer in the execution of his official duties, although he be unauthorized, and therefore a trespasser, yet he is not bound to submit to unreasonable and unnecessary violence and may defend himself against the same without being guilty of an assault: 2 Wharton's Criminal Law, p. 1076, § 852; *United States* v. *Benner,* Fed. Cas. No. 14,568; *People* v. *Murray,* 54 Hun, 406 (7 N. Y. Supp. 548); *United States* v. *Liddle,* Fed. Cas. No. 15,598; *United States* v. *Ortega,* Fed. Cas. No. 15,971. It is not

necessary that where one is resisting an officer there should be a blow struck or force actually applied, though it is essential that the resistance should imply the application of force, actual or threatened: 2 Wharton's Criminal Law, p. 1078, § 855.

█ It was error for the court to limit the right of self-defense of defendant by the insertion of the modification in the first requested instruction, so as to make such right depend upon the knowledge of Dennis as to defendants' official character.

█ The other instruction requested, as modified, in effect, informed the jury that if Dennis was about to make an unlawful attack upon the defendant, Linville had no right to defend himself from bodily injury, if he was making an unlawful search. It may be that under certain circumstances a man may use force to resist an unlawful arrest, but if an officer attempts to make an unlawful search of an automobile, in the event an occupant of the car makes an unlawful attack upon the officer, that official would not be deprived of the right of self-defense. The instruction requested appears to have been taken from the case of *Downey* v. *Duff,* 106 Ark. 4, 7 (152 S. W. 1010). While it may not be as full and explicit as it could be made, we think some such instruction as to the right of self-defense should have been given.

We do not find the question covered in the charge to the jury. The instruction as given was erroneous and prejudicial. The court, in a latter part of the charge to the jury, not excepted to, instructed in detail to the effect that if the defendants were making a lawful search in a proper manner, "that the witness Dennis, if he knew the defendants were officers, was not authorized to make an assault * * ."

The distinction between an assault and justifiable use of force does not seem to have been observed at all times in the charge.

■ The right of self-defense is derived from nature. There is a distinction between necessity and self-defense. It consists principally in the fact that while self-defense excuses the repulse of a wrong, necessity justifies the invasion of a right: 1 Wharton's Criminal Law, p. 170, § 128.

In the present case the defendant claims both the right of self-defense and the right of necessity to use sufficient force to search the car. Under the circumstances, as disclosed by the evidence, both features of the case should have been submitted to the jury under proper instructions. We refer to some matters not excepted to by reason of the necessity of a new trial, and also as some of them have a bearing on the instruction excepted to.

■ The trial of the case proceeded upon the theory that the officers had a right to search the car in which the prosecuting witness was riding, if there appeared to the officers probable cause to believe that the car contained contraband whisky. The charge of the court was consistent with such theory. To authorize a search without a warrant by an officer there is no definite statement of the necessary extent of the evidence conveyed to the officer's consciousness. The purpose of the permission is promptness in the detection of the crime, and apprehension of the offending party if the search discloses the evidence that a crime has been committed: *People* v. *Esposito,* 118 Misc. Rep. 867 (194 N. Y. Supp. 326). The right of an officer to search an automobile does not depend upon the result of such search: Or. L., § 2225—5; *State* v. *De Ford,* 120 Or. 444 (250 Pac. 220); *Carroll*

v. *United States*, 267 U. S. 132 (69 L. Ed. 549, 45 Sup. Ct. Rep. 280, 39 A. L. R. 790).

In the present case there was little, if any, doubt, considering the testimony on both sides, that there was reasonable probable cause for the officers to make the search of the automobile mentioned.

We question the necessity of the court telling the jury that the statement of Dennis to the effect that liquor was contained in the car was not sufficient in itself to show probable cause for the search of the automobile. Such statement was very strong evidence for the officers to believe that the car illegally contained alcoholic liquor.

The judgment of the Circuit Court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

RAND, C. J., and BROWN and BELT, JJ., concur.