Submitted on brief of appellant April 22; affirmed July 10, 1930

STATE *v.* KNIGHT

(289 P. 1053)

*J. W. Day* of St. Helens and *E. B. Tongue* and *Thos. H. Tongue, Jr.,* both of Hillsboro, for appellant.

PER CURIAM. Defendant was convicted of the crime of assault with a dangerous weapon—to wit, "a hardwood, leaded cane or walking stick"—with which it is alleged he beat one A. E. Seiffert about the head and face. It was a quarrel between two old men, aris-

ing out of a property settlement. The trial court, with commendable judgment, imposed on defendant only a fine of $250. He now appeals, setting forth forty-six assignments of error, most of which are of a hypercritical nature. A few, however, merit attention.

■ It is urged that the demurrer to the indictment should have been sustained. The material part of the indictment is as follows:

"The said F. F. Knight on the 12th day of September, A. D. 1917, in the said County of Columbia and State of Oregon, then and there being, and being then and there armed with a dangerous weapon, to wit, a hardwood, leaded cane or walking stick, which the said F. F. Knight then and there held in his hand, did then and there wilfully, unlawfully and feloniously assault and beat with said cane one A. E. Seiffert by striking him, the said A. E. Seiffert, about the head and face with said cane, the said cane or walking stick being a dangerous weapon capable of producing death or great bodily harm, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

We think it affirmatively appears that this hardwood, leaded cane, when used in beating a person about the head or face, was capable of producing death or great bodily harm. The suggestion of counsel that this cane may have been of the dimensions of a toothpick and that it might have been loaded with "moonshine" or thin air is, indeed, fanciful. It is fair and reasonable to assume that the cane at least resembled those generally used. The day has passed when courts will indulge in conjectures or surmises shocking to reason. A similar indictment was under consideration in *State v. Linville,* 127 Or. 565 (273 P. 338), and was held not vulnerable to demurrer. In that case the alleged dangerous weapon was an electric flashlight

twelve inches in length "more or less" and about two pounds in weight. It was there, as here, alleged that such instrument was a dangerous weapon. In the instant case there is the additional allegation that the cane was capable of producing death or great bodily harm. The court properly overruled the demurrer to the indictment.

■ Mr. Seiffert, the prosecuting witness, on direct examination, in response to the question, "Now, Mr. Seiffert, since the time that you finished school, aside from this fight * * * state whether or not you at any time in your life had any fight," answered, "I did not." Defendant complains because the trial court refused to give him the opportunity of producing other witnesses who would testify to the contrary. However, no offer of proof was made as to what these witnesses knew about the reputation of Seiffert as to being a peaceable, law-abiding citizen. For aught we know, the witnesses, if produced, might have corroborated the testimony of the prosecuting witness. Counsel for defendant was given opportunity fully to cross-examine Seiffert as to particular instances in which he was involved in fights or altercations with his neighbors.

■ Witnesses L. M. Hesse, Ferdinand Groner, and F. E. Howell, called by the defense, testified that the general reputation of the prosecuting witness Seiffert for being quarrelsome was bad. On cross-examination, the district attorney asked, "Ever know of him having a row with anybody else in these thirty years?" Defendant claims the court erred in refusing to allow such witness on redirect examination to give the names of the different persons with whom the prosecuting witness had had quarrels. We pass this assignment with the observation that there was no offer of proof.

Error is claimed because the court sustained objection to the following question: "Yes, we are asking now if it is not generally stated down there, even by the members of his own family, that he is hot-headed and quarrelsome." It is stated in the brief that this question was asked of F. G. Miller who had previously testified that the reputation of the prosecuting witness for peace and quietude was good. An examination of the record discloses, however, that such witness did not so testify. The question would have been pertinent had it been addressed to L. M. Miller, the brother of F. G. Miller.

■ The prosecuting witness testified, in substance, that there was no provocation for the alleged assault made upon him. On cross-examination counsel for defendant, in an effort to refute this testimony, made inquiry as to ill feeling between the witness and defendant which had resulted over a certain property settlement. He now complains that the court erred in refusing him permission to inquire into the details of this settlement. There is no merit in this contention. To engage in such collateral inquiry would divert the attention of the jury from the real issue in the case. This rule is so well established that citation of authorities is not deemed necessary.

Defendant complains bitterly of the alleged misconduct of the district attorney, particularly in his argument to the jury. Seldom has a record come to this court disclosing so much wrangling between counsel. It is difficult to ascertain which sinned the more. Throughout it all, the trial court maintained remarkable patience. We shall not encumber the reports by setting forth the extended colloquy between counsel, which ran throughout the course of the trial.

Defendant was convicted in a county where he was well known and the court was, indeed, lenient in its sentence. We see no error which would merit a reversal of this judgment of conviction. It is, therefore, affirmed.

McBride, J., did not participate in this decision.