The State of Ohio, Appellee, *v.* Daugherty, Appellant.

(No. 1115—Decided March 16, 1971.)

*Mr. Richard Walton,* for appellee.
*Mr. Lloyd E. Moore,* for appellant.

Gray, P. J. This cause is in this court on an appeal on questions of law from a judgment of the Court of Common Pleas of Lawrence County upon a verdict of a jury finding defendant guilty of shooting with intent to wound. Defendant feeling aggrieved by this result of his trial filed his notice of appeal and assigned the following errors:

"Assignment of Error No. 1. The defendant was denied a fair and impartial trial by reason of the trial court exhibiting the court's own opinion of the facts of the case by characterizing the events as a 'killing'.

"Assignment of Error No. 2. The court erred in failing to instruct the jury that if the affray was broken up and recommenced by Officer Brown, the prosecuting witness, the defendant would once more have his right of self-defense.

"ASSIGNMENT OF ERROR No. 3. The court erred in refusing to let defense counsel argue the inferences to be drawn from the failure of the State to call Officer Wagner as a prosecution witness.

"ASSIGNMENT OF ERROR No. 4. The court erred in not ruling [sic] defendant's Motion For a New Trial."

The facts as disclosed by the record show the following.

Early in the evening on July 27, 1968, defendant visited several bars in the city of Ironton where he consumed a quantity of beer. Later in the evening defendant visited his wife at her place of employment. His wife had driven her car to work. An argument occurred when defendant objected to his wife driving her car without having it covered with insurance. Defendant drove the car to their home located at Hanging Rock. Defendant and his wife had had some marital troubles, had been separated for a while but were now living together in a trailer located at the Hazy Trailer Court.

Mrs. Daugherty went home and tried to start her car but was unable to make it run. She then called the police stating that her car wouldn't start. Officer Richard Brown and Officer Wagner responded. Mrs. Daugherty and the officers examined the motor and learned that several spark plug wires were missing. Officer Brown advised Mrs. Daugherty to consult an attorney the next day. At that time defendant stepped out of the trailer armed with a 12 gauge shotgun. Defendant had loaded it with 5 shells before he came out. As defendant emerged from the trailer he pumped a shell into the firing chamber and pointed the gun at officer Brown, officer Wagner and Mrs. Daugherty. Defendant ordered the officers from his property stating that he would shoot if they did not heed his demand.

Officer Brown started to back off toward the alley where the police cruiser was parked. Defendant came off the stoop in front of the trailer and followed Officer Brown. The officer backed up behind a garage on neighboring property. Defendant fired a shot at the officer while defendant was standing in the alley and the officer was at the end of

the garage. The pellets missed the officer. The officer took refuge behind a tree. He shot at defendant and missed. Defendant shot at the officer and hit him with shotgun pellets in the mouth and right shoulder. The second shot by defendant and the one shot by Officer Brown were almost simultaneous. Defendant shot the third time. Defendant told the officer to come out or he would shoot again. The officer came out from behind the tree. Defendant marched him down towards Second Street with the shotgun at his back and his hands in the air. Defendant was later disarmed with the help of other police officers.

We come now to consider the first assignment of error. The brief of defendant directs us to the bill of exceptions.

The words of the general charge of the court to which defendant objects are as follows: ''the defendant claims that the killing or shooting with intent to kill or wound * * *''

The fact of the matter is that no one was killed and while that part of the charge was inapplicable, it was not prejudicial. The jury could not have been misled because the man to whom the erroneous statement referred was sitting in the courtroom as the prosecuting witness and testified in the case before this jury. This assignment of error is overruled.

We now address ourselves to the second assignment of error. Defendant's case contained the contention that he owned the involved automobile. He did not. Mrs. Daugherty owned it. We mention this fact as we are confronted with the right of a person to defend his property. Mrs. Daugherty requested the help of the police and they, as invitees of Mrs. Daugherty, were on the premises in their official capacity. As such invitees they were there with rights equal to any defendant might have.

Officer Brown was not present to arrest defendant, or to molest him, or to remove any property. He was there only in response to a request by a citizen of the county. If defendant had stayed inside the trailer and had remained quiet neither he nor any property would have been molested and he would not be in our court today. No doubt the

residual animosity caused by his marital difficulties inflamed by alcohol caused him to commit the acts with which he has been charged.

Defendant contends that once the affray was broken up and then recommenced, he once more had the right of self defense. We reject such contentions. They are not borne out by the facts. In the first instance nothing was done by the police officers that could cause defendant to believe that he or his property was in danger. He owned no property that was in danger of being molested, destroyed or was about to be removed. He was safely ensconced in the trailer. No attempt was made by the officers to enter the trailer. No facts were developed that would cause defendant to have the right of self defense. He did not have cause for self defense in the first instance, and did not acquire it during the fracas. He was the aggressor from the start to the finish. The record shows that he stalked the officer with the shotgun, in the dark. The officer retreated to the alley and hid behind a tree while defendant stealthily approached him trying to get a better shot at him. Defendant did not give the officer an opportunity to leave. The action once started was never broken off by defendant.

Officer Brown was not a trespasser. Even if a trespass is made with actual force, which it wasn't in this case, the right to use a lethal weapon does not arise until the trespasser assaults the owner, and there are reasonable grounds to believe that it is necessary to kill, or to wound, to protect life or to prevent great bodily injury.

Even if the police officers were committing a trespass on the property, as claimed by defendant, his use of a dangerous weapon would not be warranted. A mere trespass does not justify a landowner in using a dangerous weapon in an effort to eject the trespasser. 6 Corpus Juris Secundum 820, Assault and Battery, Section 20.

It is the policy of the state to clothe its servants with official immunities when engaged in official acts. The immunity belongs not to the individual, but to the office, and it is the general rule that if the immunity is to be vindicated, the office must be proclaimed or made known by the officer before a defendant can be punished for resisting an

officer. This rule applies to a case of resistance. It should be remembered that where an officer in the execution of his official duties goes upon another's property without permission, although he be unauthorized and therefore a trespasser, yet, he is not bound to submit to unreasonable and unnecessary violence and may defend himself against the same without being guilty of an assault. 2 Wharton's Criminal Law 1076, Section 852.

*State* v. *Linville,* 127 Ore. 565, 273 P. 338.

It must be observed that defendant admits sufficient operative facts to warrant his conviction.

For his defense thereto, he relies on false assumptions to produce a result which is not warranted under the law applicable to this case.

We now come to consider the third assignment of error. The defendant relies upon the following colloquy as the basis for his claimed error. It occurred during the closing argument of defense counsel. It is as follows:

"Now while I am talking to you about evidence that was not introduced if there is any doubts in your mind wouldn't it have been just as well for the state to have called witnesses which we presume that would be more in their control than in ours.

"Mr. Walton: Objections, Your Honor. Anybody can call witnesses.

"By the Court: He is right defense counsel. Objections sustained."

Defense counsel was obviously making reference to the fact that the state did not call officer Wagner to testify in its behalf.

We believe that the proper rules to apply in this instance is embodied in the following: "The failure of the prosecution to call a witness to prove a fact material to its case raises no inference unfavorable to the state, unless it is shown that the witness is within its reach. Also the prosecution's failure to call a witness does not give rise to an inference that his testimony would be unfavorable to its case, where he was not in a better position to know the facts than those who were called, or where his testimony would be merely cumulative, or would be unnecessary or im-

material, or where the witness was equally available to accused." 22A Corpus Juris Secundum 373-4, Criminal Law, Section 594.

Since he was readily subject to legal process by defendant as well as the state, no inference can be drawn from the state's failure to call him. *United States* v. *Brown* (C. A. 2), 236 F. 2d 403. See also *Billeci* v. *United States* (D. C. Cir), 184 F. 2d 394 and *Rostello* v. *United States* (C. A. 7), 36 F. 2d 899.

Where accused gave no reason why he could not have had subpoenas issued to obtain presence of certain witnesses at hearing, accused was not entitled to inference that government's failure to call witnesses meant that their testimony would have helped him. *Margoles* v. *U. S.*, 402 F. 2d 450.

Defendant's fourth assignment of error is based upon the fact that the trial court failed to grant his motion for a new trial. No new grounds were advanced other than those in the first three assignments. We have already disposed of them.

With few exceptions, none of which are present here, a new trial is not a matter of right, but is a matter addressed to the sound discretion of the trial court to be granted upon a showing of prejudice to the moving party; when necessary to secure to a litigant a reasonably fair and impartial trial; or to prevent failure of justice, or when it appears to be in furtherance of justice to do so. There is no inherent right to a new trial. *Cf. Poske* v. *Mergl*, 169 Ohio St. 70.

We are of the opinion that it would have been an abuse of discretion had the trial court granted a new trial. Defendant was fairly tried and convicted. No prejudicial error intervened in his trial. Therefore, the judgment of the trial court is affirmed.

*Judgment affirmed.*

ABELE, P. J., concurs.
STEPHENSON, J., concurs in the judgment.